378 A.2d 325

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence ELLISON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal-Trial Division, of Philadel-

phia County. The defendant-appellant, Lawrence Ellison, was convicted of burglary, robbery and conspiracy; post-trial motions were denied and he was sentenced to not less than two and one-half years nor more than seven years.

Two hundred and fifty days had elapsed between the filing of the complaint on October 17, 1974, and the filing of a motion to dismiss under Rule 1100 of Pennsylvania Rules of Criminal Procedure. Judge Bonavitacola of the court below excluded from the computation of the 180-day rule the 78 days of delay resulting from court ordered continuances due to the unavailability of courtrooms and denied the petition. No petition was filed by the Commonwealth to extend the time prior to the expiration of the period as provided in the Rule.

In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Supreme Court held that application by the Commonwealth for an extension of time in which to commence a trial must be filed prior to the expiration of the final day mandated by the rule. Pennsylvania Rules of Criminal Procedure, Rule 1100(c). Judicial delay may justify the granting of an application for extension of time when filed promptly and a showing of due diligence is made by the Commonwealth. Otherwise judicial delay does not constitute a basis for an exclusion from the compilation of the 180 days in which to commence trial.

Judgment of sentence reversed and defendant discharged.