397 A.2d 1233

**COMMONWEALTH of Pennsylvania**

**v.**

**Clarence ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided Feb. 16, 1979.

Harry S. Tischler, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

Appellant was tried and convicted of robbery. After Post-Trial Motions were denied, appellant was sentenced to a term of 7–15 years in jail. This appeal follows.

Appellant contends on this appeal that the lower court erred in refusing to dismiss the indictment against him pursuant to Pa.R.Cr.P. § 1100(f). We agree and therefore reverse the judgment of sentence and discharge the appellant.

Appellant was arrested January 14, 1976. Therefore, pursuant to Rule 1100, the Commonwealth had until July 12, 1976 to bring appellant to trial, in absence of any extensions of time.

On January 21, 1976, the preliminary hearing was continued on request of appellant's co-defendant's counsel.

On March 24, 1976, trial was continued at the request of appellant's co-defendant's counsel.

On April 17, 1976, trial was continued because appellant's co-defendant was ill.

On June 24, 1976, trial was continued because it was not reached at the end of that list.

On July 19, 1976, appellant petitioned for dismissal under Rule 1100. This motion was denied on July 22, 1976, and the court without petition by the District Attorney, extended the time for trial *nunc pro tunc.*

■ Clearly, none of the delays was chargeable to the appellant. The first three postponements were requested by the appellant's co-defendant. We see nothing of record to indicate that appellant or his counsel ever agreed to an approval of the delay caused by his co-defendant. Thus these delays could not be charged to appellant and hence would not be excluded for purposes of the "180 days." *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976).

■ The last delay was caused when the case was not reached at the end of the June trial list. Apparently the docket was too crowded. Seemingly this presented "just cause" for an extension of time. *Commonwealth v. Lewis,* 247 Pa.Super. 46, 371 A.2d 1318 (1977). However, the Commonwealth failed to apply for an extension of time in which to commence trial prior to the expiration of the final day mandated by this rule (indeed the Commonwealth never filed for an extension of time). See *Commonwealth v. Ellison,* 249 Pa.Super. 339, 378 A.2d 325 (1977).

It is to be regretted that the facts of this case leave us no recourse; we must discharge the appellant, since he was not tried within the mandates of Rule 1100, and since an extension was not properly granted.[1]

Judgment of sentence reversed; appellant is discharged.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

[1]. The Philadelphia District Attorney's Office did not file a brief as of 6 months after this case was submitted to this court. While we empathize with the heavy caseload of that office, we cannot condone their failure to comply with the Rules of Appellate Procedure.