429 A.2d 721

**COMMONWEALTH of Pennsylvania,**

**v.**

**John E. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed May 15, 1981.

Petition for Allowance of Appeal Denied Aug. 12, 1981.

Carol E. Haltrecht, Assistant Public Defender, West Chester, for appellant.

Robert J. Donatoni, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Chester County and involves the defendant-appellant's appeal from his conviction for robbery, theft by unlawful taking, theft by receiving stolen property, and criminal conspiracy.

A criminal complaint charging the defendant with various offenses was filed against him on January 13, 1977. The offenses had been committed on January 12, 1977. Time for commencement of trial pursuant to *Pa. Rule of Criminal Procedure 1100* expired on July 12, 1977. Defendant's case was scheduled for trial on May 16, 1977. When defendant's case was called it was passed at the request of the Commonwealth because the Commonwealth desired to try the defendant at the same time as a co-defendant whose attorney was unavailable for trial at that date. Although the Commonwealth moved for a continuance of the case its request was denied by the lower court and the court directed the Court Administrator to call the case for trial as soon as counsel for both defendants were available. The Court Administrator, who the court below acknowledged worked for and was supervised by the court and not the district attorney's office, failed to call the case again during the May Term, even though counsel for both defendants and the Commonwealth were prepared to proceed.

The case was then listed for the June, 1977 Criminal Term as case Number 61. It was not reached during that trial term by the court and was re-scheduled for the August Term which would be outside the 180 day period which was to expire on July 12, 1977.

On July 7, 1977 the Commonwealth filed a timely petition seeking to extend the time in which to bring the defendant to trial. A hearing thereon was held on August 23, 1977 after which the court granted the Commonwealth's petition and denied the defendant's motion to dismiss the charges for failure to comply with Rule 1100. The defendant was then tried and on August 25, 1977 was found guilty of robbery, theft and receiving stolen property. He then appealed raising, inter alia, the question as to whether the court below committed reversible error when it granted the Commonwealth's petition to extend the time in which to bring the defendant to trial.

Because the Commonwealth's petition to extend the time in which to bring the defendant to trial was timely the only

question on this appeal is whether the Commonwealth had failed to exercise "due diligence" in its attempt to bring the defendant to trial. *Pa. Rule Criminal Procedure 1100(c).* Under the facts of the instant case it is apparent that the Commonwealth was prepared to try the defendant at both the May and June Sessions of the 1977 court schedule. Either one of these times would have been within the 180 day period. The reason the case was not tried in the May, 1977 session of court was because of the failure of the Court Administrator to recall defendant's case after it had been passed at the Commonwealth's request so that the defendant could be tried with a co-defendant. The lower court denied the Commonwealth's motions for a continuance and had directed the Court Administrator to recall the case. The defendant's case was not tried in June of 1977 because the court never reached it. The court below explained in its opinion that the district attorney's office of Chester County has no control over the case list.

Judicial delay or scheduling may justify an extension of time within which to commence trial. The calendaring of cases is ultimately within the power and responsibility of the trial court. *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).

Because the court administrator is under the direction of the court and because the court is not a prosecutorial arm of the district attorney's office but is an impartial entity established to administer justice evenhandedly we hold that in the instant case the court administrator's failure to recall the defendant's case cannot be attributed to the Commonwealth but must be attributed to the court. Likewise the court's failure to reach the defendant's case during the ensuing term of court cannot be attributed to any lack of due diligence on the part of the Commonwealth. Because the Commonwealth was indeed prepared to proceed to trial during both the May and June, 1977 court sessions and because the scheduling of defendant's case was entirely within the control of the court, we hold that the Commonwealth cannot be found to have failed to exercise "due diligence" in proceeding to trial. Thus, the court below did

not err in granting the Commonwealth's timely petition. The other issues raised by the defendant are devoid of merit.

Judgment of sentence affirmed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

I believe the appellant must be discharged. Pa.R.Crim.P. 1100 mandates trial within 180 days, and it is now well-settled that an extension of time for commencement of trial may only be granted upon a showing by the Commonwealth that despite its own due diligence trial could not be had within that time limit. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). The Commonwealth has the burden of proving its due diligence. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). When the delay is caused by scheduling difficulties or judicial delay, the reasons must appear on the record and the case must be listed as soon as possible consistent with the court's business. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

The Commonwealth's case, presented at the hearing of August 23, 1977 on its motion to extend, and appellant's motion to dismiss, is set forth below in its entirety:

MR. JOYNER: Your Honor, this is in the case of John E. Lewis, Case No. 148–77. This is a matter of a pre-trial application. The first would be the Rule 1100 application. And in that regard—

THE COURT: Excuse me. This is your application to extend?

MR. JOYNER: That is correct, Your Honor.

THE COURT: Wait until I get that. This is your application filed July 7th, is that correct?

MR. JOYNER: That is correct, Your Honor.

THE COURT: All right. Now I notice here Mrs. Haltrecht July 20th filed a petition and a rule was granted on that. Apparently that had only to do with the hearing date on the Commonwealth's application, is that correct?

MRS. HALTRECHT: Yes, sir. We filed an application for dismissal. But, in any event, the hearing date as

originally scheduled was for a time when I was to be on vacation. Rather than reassign it, because it is one of those cases with testimony and argument, all that sort of thing, I had asked to have it moved ahead. That corrected rule was merely to change it.

THE COURT: All right. Now you have attached to it an application for dismissal, so apparently that is before us also.

MRS. HALTRECHT: Yes.

MR. JOYNER: That's correct, Your Honor.

THE COURT: Now is John E. Lewis in the Courtroom?

MRS. HALTRECHT: He certainly is. He is right in the front row.

THE COURT: All right. Mr. Joyner?

MR. JOYNER: Your Honor, pursuant to that application, myself and the attorney for the Defendant John E. Lewis have entered into a stipulation. And that stipulation basically would be that the original complaint was filed on January 13, 1977, and that 180 days expired approximately 7/12/77.

THE COURT: 7/12/77?

MR. JOYNER: That is correct, Your Honor. And that a preliminary hearing was had on this matter on January the 24th, 1977, and that the Defendant was arraigned and waived that arraignment on March the 11th, 1977, and this matter was listed for trial during the May criminal term as number ten and that case was passed on the request of the Commonwealth due to the fact that Mr. Gavin was in a murder trial and we requested of Judge Pitt to pass this case until he was available so that we could try both Defendants together at that time. That case was passed and never called. The Criminal Trial List went past number ten, and at one point in time I believe Mr. Gavin and Mrs. Haltrecht were available but it was never called by the Court Administrator or Judge Pitt.

And, Mrs. Haltrecht has a copy of the transcript of that request at the call of the list.

THE COURT: All right.

MR. JOYNER: It was again listed during the June criminal trial term, and on that trial term it was not reached.

THE COURT: Do you know the number there?

MR. JOYNER: I don't have that. I believe it was further in the list, somewhere in the neighborhood of—

MRS. HALTRECHT: No. 61.

MR. JOYNER: Sixty-one, Your Honor.

THE COURT: All right.

MR. JOYNER: And the case is listed on the August trial term.

THE COURT: All right. Anything further by way of stipulation?

MR. JOYNER: No, Your Honor. And that is basically the Commonwealth's case.

The above simply does not establish due diligence by any known measure of proof, and certainly does not meet the standard of the burden placed upon the Commonwealth. Since the Commonwealth is no longer permitted a "second bite", I would vacate the judgment of sentence and order appellant discharged.