476 A.2d 1344

**COMMONWEALTH of Pennsylvania, Appellant,**

*v.*

**Albert NICHOLS.**

Superior Court of Pennsylvania.

Argued June 17, 1983.

Filed May 25, 1984.

Sarah Vandenbraak, Assistant District Attorney, Philadelphia, for Com., appellant.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before ROWLEY, McEWEN and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from a post-verdict discharge of the defendant under Rule 1100 of Pa.Rules of Criminal Procedure after conviction of criminal trespass and conspiracy.

The pertinent procedure is as follows:

The defendant was charged with burglary, criminal trespass and conspiracy. The run date was December 15, 1980. The first preliminary hearing was continued on June 23, 1980 because of the illness of the arresting officer; at the next listing the co-defendant's attorney was unavailable. The hearing was finally held on July 16, 1980 when he was held for court. He was arraigned on August 5, 1980.

At the first trial listing, the co-defendant's attorney failed to appear. At the second trial listing, the Commonwealth could not proceed because of the illness of the complainant. On December 4, 1980, the Commonwealth was ready to proceed to trial, but the case was marked "Ready—Not reached." It was then listed for trial on February 9, 1981, the earliest possible date. The Commonwealth then filed a timely extension petition. The Honorable Edward Rosenwald heard the petition on January 27, 1980 and after a lengthy hearing, extended the time for trial to February 10, 1981 finding that the Commonwealth used due diligence to bring the case to trial. On February 9, 1981, the Commonwealth was again prepared for trial, but again the case was marked "Ready—Not Reached". A further continuance was granted to March 5, 1981.

The Commonwealth filed its second timely extension petition which was heard on March 2, 1981 by the Honorable Maurice Sporkin and after a lengthy hearing, he granted the extension until March 5, 1981 finding that the Commonwealth had exercised due diligence, but he also ordered that the defendant be discharged if the Commonwealth did not meet the new due date.

On March 5, 1981, the Commonwealth proceeded to trial before the Honorable Leon Katz. Judge Katz deferred adjudication to determine whether there was sufficient evidence of non-permission since the Commonwealth was unable to call the complainant as a witness.

On March 18, 1981, Judge Katz acquitted the defendant of burglary, but found him guilty of criminal trespass and conspiracy.

On November 6, 1981, Judge Katz granted defendant's post-trial motions and discharged the defendant, holding that Rule 1100 was violated, thus reversing Judge Rosenwald and Judge Sporkin who granted the extensions, although he seemed to rule only on the first extension.

Judge Katz held that a Rule 1100 extension must be invalidated if the Commonwealth did not present evidence of the proceedings from the beginning of the prosecution. This requirement is contrary to the plain language of Rule 1100 which provides in Section (c)(1):

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial."

and

"(c)(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided."

A careful study of the testimony indicates that the requirements of Judge Katz were met in the long extension hearing and that despite due diligence the Commonwealth was unable to meet the run date.

■ The evidence presented was that the trial delays were as a result of judicial delays, illness, and the unavailability of the co-defendant's attorney. From this evidence and the undisputed history of the case Judge Rosenwald concluded that the Commonwealth had diligently attempted to bring the case to trial. *Commonwealth v. Stumpo,* 306

Pa.Superior Ct. 447, 452 A.2d 809 (1982); *Commonwealth v. Romberger*, 490 Pa. 258, 416 A.2d 458 (1980); *Commonwealth v. Walls*, 303 Pa.Superior Ct. 284, 449 A.2d 690 (1982); *Commonwealth v. Tann*, 298 Pa.Superior Ct. 505, 444 A.2d 1297 (1982); *Commonwealth v. Sharp*, 287 Pa.Superior Ct. 314, 430 A.2d 302 (1981).

In *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), the Supreme Court stated:

"Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153–154, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308 (1980).

"... So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system."

Here the court overruled the hearing judge who decided as a finding of fact that due diligence had been exercised by the Commonwealth and granted the extension. However, the original finding was supported by competent evidence.

The Supreme Court in reversing the Superior Court in *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983) held that: "In support of its holding, the Court said that the requirement of *Mayfield* that court delay be unavoidable

"must be given a realistic construction. A rigid requirement that the Courts of Common Pleas, particularly in urban areas with severely crowded criminal and civil dockets, must continually arrange and rearrange their schedules to accommodate the 180 day rule, would be ill-advised.

"... Rule 1100 was designed to promote the administration of criminal justice within the context of our entire judicial system, not to render that system hostage to its own closed logic. The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice."

■ In *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), the Supreme Court held that in reviewing a hearing court ruling that the Commonwealth met its burden in applying an order extending time for commencement of trial, the Supreme Court considers only evidence presented by the Commonwealth and so much evidence as fairly read in the context of the record as a whole remains uncontradicted. This, then should certainly apply to review of the hearing by the trial court.

Rule 1100 has caused considerable confusion for the courts, the Commonwealth and defendants' counsel resulting in extensive litigation which as by court decision has by now settled most of the questions raised. Judge Katz's decision would start the confusion all over again.

The order discharging the defendant is reversed and the case remanded for consideration of defendant's post-verdict motions. Jurisdiction is not retained.