485 A.2d 785

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Eugene M. BOLDEN.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1984.

Filed Dec. 5, 1984.

Petition for Allowance of Appeal Denied April 24, 1985.

Stuart B. Suss, Assistant District Attorney, West Chester, for Commonwealth, appellant.

William L. Howard, Malvern, for appellee.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal by the Commonwealth from an order dismissing rape, burglary, indecent assault, and simple assault charges against appellee, Eugene Bolden, on the basis of Pa.R.Crim.P. 1100. The case at bar presents the issue of the application of Rule 1100 to judicial delay. Initially, it must be noted that we are guided in our decision by the sentiments expressed by the Pennsylvania Supreme Court in *Commonwealth v. Genovese*, 493 Pa. 65, 69–70, 72–73, 425 A.2d 367, 369–70, 371 (1981):

> Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society," *Commonwealth v. Brocklehurst*, 491 Pa. 151, 154, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197, n. 4, 409 A.2d 308, n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> . . . .

... So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective rights of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

For the reasons set forth below, we reverse the order of the trial court, and remand for trial.

A criminal complaint charging appellee with rape, burglary, indecent assault, aggravated assault, simple assault, and recklessly endangering another person was filed on May 21, 1983. On June 3, 1983, a preliminary hearing was held. The presiding district justice concluded that a *prima facie* case existed on all charges. Appellee filed a petition for writ of habeas corpus and to quash information on July 6, 1983, claiming error in finding a *prima facie* case on the charges of aggravated assault and recklessly endangering another person. By agreement of counsel, the trial court entered an order dismissing the recklessly endangering another person and aggravated assault charges on August 10, 1983. The focus of the issues involved in this appeal stem from the events following the entry of this order.

On the same date the trial court entered the order, an employee of the Clerk of Courts of Chester County erroneously recorded in the court file that all charges against appellee had been quashed. This resulted in the case being dropped from the Chester County computer that is used for monitoring cases, and the case never receiving a listing for trial. Further, a detainer lodged against appellee was quashed, discharging him from prison.

On October 6, 1983, a detective from the West Chester Police Department informed the District Attorney's office that the appellee was out of prison and on the streets. Once aware of this, the District Attorney discovered the charges had been dismissed and the detainer removed. A review of the court records revealed the error made on August 10. Arrangements were made with the Clerk of Court's office to have the case re-opened. By early November, 1983, the case had not been given a trial date. Realizing the Rule 1100 rundate was approaching, the Commonwealth filed a timely application for an order extending the time for commencement of trial on November 16, 1983.[1] A hearing on the application was held on December 7, 1983, at which time the Honorable Lawrence Wood denied the application and granted appellee's application for dismissal. A hearing on the Commonwealth's application for reconsideration resulted in Judge Wood reaffirming his order of December 7.

The reasons for the trial court's order are grounded in the Chester County criminal case listing policy. Fairly extensive testimony was presented by the Commonwealth regarding the procedures under the policy.

The criminal trial sessions schedule is prepared by the Criminal Court Administrator in conjunction with the President Judge for Chester County. Cases are listed and called for trial according to complaint dates, i.e., cases are listed in chronological order using the complaint date as the point of reference. These lists are prepared one month in advance of the commencement of any given trial session.

There are two ways in which a case may be listed out of the complaint date order. The first is if a murder case is involved; they are given priority listing. In any other instance, a case may be given a special listing only by court order. The trial court's opinion noted that, "Such a procedure has been followed in at least one other case." Slip op. at 3.

1. Given the May 21, 1983 complaint date, the mechanical rundate was November 17, 1983.

In Chester County, criminal trial sessions were scheduled for a two week period beginning October 17, 1983, and then not again until early December. At the Rule 1100 hearing involved in the instant case, the testimony of an employee of the Criminal Court Administrator's Office showed that there was a possibility that a case listed during the week of October 24th could have been called for trial before the end of October. However, as of the beginning of October, there were no available trial dates.[2]

The trial court determined that the Commonwealth failed to exercise due diligence under the circumstances. Specifically, the court was of the opinion that the District Attorney should have procured a court order instructing the Criminal Court Administrator to give appellee's case a special trial listing, and that the clerical error of dismissing the case on August 10 did not excuse the Commonwealth from exercising due diligence. As a result, the appellee's application for dismissal pursuant to Rule 1100(f) was granted.

 The Commonwealth's application for extension of time pursuant to Rule 1100(c) was timely filed. Therefore, the only question to be decided in this appeal is whether the Commonwealth exercised due diligence in its attempts to bring appellee to trial. *Commonwealth v. Lewis*, 287 Pa. Super. 64, 429 A.2d 721 (1981) (allocatur denied). It is now axiomatic that the burden is upon the Commonwealth to prove, by a preponderance of the evidence, that it has met the requirements of Rule 1100(c). *Commonwealth v. Dancy*, 317 Pa.Super. 578, 464 A.2d 473 (1983); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983). When, despite the exercise of due diligence the Commonwealth cannot bring a defendant to trial within the prescribed time period, a court may properly grant an extension. *Commonwealth v. Colon, supra; Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981). "Judicial delay or

2. An employee of the Chester County Data Processing Office testified that during the time period in question, there were approximately 1,800 to 2,000 active or open cases in the county. Of these cases, only the 200 with the oldest complaint dates were listed for trial. *See* R.R. pp. 16a–22a.

scheduling may justify an extension of time...." *Commonwealth v. Lewis, supra,* 287 Pa.Super. at 67, 429 A.2d at 23. *See also Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).

■ For judicial delay to act as a basis for an extension, there must be

a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Commonwealth v. Mayfield, supra,* 469 Pa., at 222, 364 A.2d at 1349–50. Extensions have frequently been granted for judicial delay in the form of overcrowded dockets. *See, e.g., Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983); *Commonwealth v. Parnell,* 333 Pa.Super. 256, 482 A.2d 271 (1984); *Commonwealth v. Nichols,* 328 Pa.Super. 308, 476 A.2d 1344 (1984); *Commonwealth v. Kuhn,* 327 Pa.Super. 72, 475 A.2d 103 (1984); *Commonwealth v. Fairley,* 298 Pa.Super. 236, 444 A.2d 748 (1982); *Commonwealth v. Lewis,* 287 Pa.Super. 64, 429 A.2d 721 (1981); *Commonwealth v. Royer,* 256 Pa.Super. 361, 389 A.2d 1165 (1978). However, situations involving judicial or clerical errors are infrequent. *See, e.g., Commonwealth v. Bennett,* 320 Pa.Super. 150, 466 A.2d 1362 (1983) (denying an extention).

Recent decisions of our courts have shown that the *Mayfield* requirement "must be given a realistic construction." *Commonwealth v. Crowley, supra,* 502 Pa. at 400, 466 A.2d at 1013. To do otherwise

... ignores the realities of crowded criminal and civil dockets which overburdened Common Pleas courts must deal with on a day-to-day basis. Rule 1100 was designed to promote the administration of criminal justice within the context of our entire judicial system, not to render

that system hostage to its own closed logic. The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice. *See, e.g., Commonwealth v. Blady,* 492 Pa. 285, 424 A.2d 864 (1980) (dissenting opinion, Larsen, J., in which Flaherty, J. joined).

*Id.,* 502 Pa. at 402, 466 A.2d at 1014. *Accord Commonwealth v. Nichols, supra; Commonwealth v. Briggman,* 325 Pa.Super. 333, 472 A.2d 1145 (1984).

■ By giving the *Mayfield* requirement a "realistic construction," we find that the trial court erred in not granting the Commonwealth an extension of time in which to bring appellee to trial.

In the instant appeal, we are dealing with a sixty-two day time period which should be excludable for Rule 1100 purposes, i.e., the period of time between August 10, the date of the clerical error, and October 11, the date the charges against appellee were reinstated. Both appellee and the trial court concluded that the sixty-two days were not excludable on the basis of *Commonwealth v. Bennett,* 320 Pa.Super. 150, 466 A.2d 1362 (1983). However, reliance upon *Bennett* is misplaced considering its factual circumstances.

In *Bennett,* a bench warrant was issued against the defendant on September 13th after he failed to appear for a preliminary hearing. On October 4th, in the presence of the Commonwealth, the trial court erroneously ordered the case quashed. On January 8th, the court, *sua sponte,* reversed its October 4th order. During the intervening three months, no appeal or action was taken by the Commonwealth in requesting the court to reconsider its order. Our court held that the period of time between the order and its reversal was not excludable. However, we found that the "Commonwealth did not ... show that the error was corrected through its actions." *Id.,* 320 Pa.Superior Ct. at 157, 466 A.2d at 1365. Not only did the "record fail to disclose

any effort by the Commonwealth to bring the case to trial, the prosecution disavows the obligation to show due diligence contending that the period is excludable." *Id.* Consequently, we held the Commonwealth had not met its burden of proving due diligence.

The circumstances surrounding the case at bar do not suggest any lack of due diligence. Unlike the error involved in *Bennett,* it was not readily apparent to the Commonwealth that the charges against appellee had been dismissed. Once discovered, however, the Commonwealth acted quickly to have the case reopened.[3] In addition, defense counsel was contacted to arrange for the surrender of appellee. Clearly, the error, which in no way can be attributed to the Commonwealth in this case, was corrected through its actions.

 Moreover, the fact that the case was not listed for trial until December, after the Rule 1100 rundate, does not preclude a finding of due diligence in light of the Chester County criminal case listing policy. The Commonwealth offered testimony that the "trial [was] scheduled for the earliest date consistent with the court's business," and the record shows "the causes of the court delay and the reasons why the delay [could] not be avoided." *Commonwealth v. Mayfield, supra,* 469 Pa. at 222, 364 A.2d at 1349–50. To require the Commonwealth to procure a court order for a priority listing because "Such a procedure has been followed in at least one other case," and in the absence of any written local rule or policy, is unworkable. If such a rule were established, the trial courts of this Commonwealth would, in all likelihood, be inundated with requests for special listings whenever there is a possible Rule 1100 problem. In any event, due diligence demands only that the Commonwealth make reasonable efforts, not every conceivable effort. *Commonwealth v. Colon, supra.* Under the

---

**3.** The District Attorney's office was informed by the police that appellee was on the streets on October 6, a Thursday. Due to the Columbus Day holiday, the Chester County Courthouse was closed October 8 through October 10. The Clerk's office was informed of the error on October 11.

facts of the instant case, we find that the Commonwealth did make reasonable efforts to bring appellee to trial, even though a special listing was not sought. Further, "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of [the] accused;" therefore, the functions Rule 1100 was designed to serve have been met. *Commonwealth v. Genovese, supra,* 493 Pa., at 69–70, 72–73, 425 A.2d at 369–70, 371.

The order of the trial court dismissing all charges against appellee is reversed and the case is remanded for trial. Jurisdiction is relinquished.