488 A.2d 281

**COMMONWEALTH of Pennsylvania**

v.

**Lloyd Martin McCUTCHEON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed Feb. 8, 1985.

10

William L. Walker, Meadville, for appellant.

John M. Dawson, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

SPAETH, President Judge:

This is an appeal from judgment of sentence for driving under the influence of alcohol.[1] Appellant argues that the trial court improperly granted the Commonwealth's petition for an extension of time under Pa.R.Crim.P. 1100. We agree and therefore reverse the judgment of sentence and discharge appellant.[2]

The criminal complaint was filed on March 1, 1982. After a preliminary hearing on April 6, 1982, appellant was held over for court. A member of the District Justice's staff misfiled the papers on appellant's case; instead of transmitting them to the County Clerk of Court, she filed them in the "closed file." N.T. 12/13/82, 11. In November 1982 appellant's counsel happened to meet the police officer who had filed the complaint. Counsel asked the officer about the case. The officer said he would check into it, and telephoned the District Attorney's office, to be told that the papers had never been received, N.T. 12/13/82, 6–7.[3] On November 12, 1982, a member of the District Attorney's office called the District Justice's office, and, upon learning about the misfiling, directed that the papers be sent to the courthouse immediately. N.T. 12/13/82, 12. On November 15, 1982, the complaint and transcript were filed. On November 30, 1982,[4] the Commonwealth filed a petition for an extension of time under Rule 1100, identifying the source of the delay and alleging its "due diligence." Appellant filed an answer and moved for a dismissal of the charges against him. The trial court denied appellant's

1. 75 Pa.C.S. § 3731. The offense occurred prior to the effective date of the amendment of this provision. Act of Dec. 15, 1982, P.L. 1268, No. 289, § 9, effective in 30 days.

2. Because we agree with appellant's Rule 1100 argument, we do not reach his other arguments.

3. No one from the District Attorney's office testified at the hearing on the petition to extend. The record therefore does not disclose what procedure, if any, was followed for keeping track of cases held over for court. The docket entries for the preliminary hearing do not indicate that an attorney for the Commonwealth was present.

4. The petition is dated November 23, 1982, but the date of filing stamped on the petition is November 30, 1982, and the docket entries confirm the 30th as the date of filing.

motion and granted the petition for an extension. Appellant was tried and convicted, and after being sentenced, took this appeal.

–1–

■■■■ A petition for an extension of time must be filed "prior to the expiration of the period for commencement of trial." Pa.R.Crim.P. 1100(c)(1). The "period for commencement of trial" is 180 days. Pa.R.Crim.P. 1100(a)(2). In counting these 180 days, certain days are excluded. Pa.R. Crim.P. 1100(d). Specifically, "there shall be excluded": the period between the filing of the complaint and the defendant's arrest, where the defendant's whereabouts were unknown and could not be determined by due diligence; any period for which the defendant waives the rule; and such period as results either from the unavailability of the defendant or his attorney, or from a continuance granted at the request of the defendant or his attorney. *Id.* Here, there was no period fitting any of these categories. The only period in question was the period from April 6, 1982 (the date of the preliminary hearing) to November 12, 1982 (the date the District Justice's office discovered that the papers had been misfiled). This period may not be excluded—nor does the Commonwealth claim that it may be—for judicial delay [5] is not excludable under Rule 1100(d). *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Ellison*, 249 Pa.Super. 339, 378 A.2d 325 (1977). Since no days may be excluded, the 180 day period for the commencement of appellant's trial ended August 30, 1982.[6] Accordingly, the Commonwealth's petition for an

5. The Commonwealth concedes that this period was a period of judicial delay, characterizing it as the result of the "oversight ... of the judiciary." Brief for Appellee at 7. This was also the trial court's characterization. Opinion and Order Sur Commonwealth's Petition for Extension of Time, 12/23/82, at 4.

6. The Commonwealth alleged in its petition for an extension of time, and the trial court found, that the period ended August 26, 1982. Petition, para. 4; Opinion and Order Sur Commonwealth's Petition for Extension of Time, 12/23/82, at 2. According to our calculations, August 26 was the 178th day, and, because the 180th day fell on a Saturday, the run date was August 30, 1982. However, this discrepancy does not affect the analysis in any way.

extension of time, not being filed until November 15, 1982, was not filed "prior to the expiration of the period from commencement of trial", Pa.R.Crim.P. 1100(c), and should have been denied. *Commonwealth v. Shelton, supra* (application for extension must be filed prior to expiration of period).

–2–

■ The Commonwealth argues that its petition for an extension of time was properly granted because it exercised "due diligence." This argument, however, is not available to the Commonwealth. *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Franklin,* 306 Pa.Super. 382, 452 A.2d 777 (1982). *Cf. Commonwealth v. Bolden,* 336 Pa.Super. 243, 485 A.2d 785 (1984) (timely petition to extend improperly denied where clerk erroneously recorded that all charges against defendant had been dropped, district attorney arranged to have case reopened, and date for trial not set before run date); *Commonwealth v. Harris,* 315 Pa.Super. 544, 462 A.2d 725 (1983) (timely petition to extend properly granted for delay caused by defendant not having been brought from jail due to Trial Coordinator's error and next available court date beyond run date); *Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678 (1982) (timely petition to extend improperly denied where defendant not brought to court because defendant transferred without notice to court, district attorney asked that defendant be brought down the next day; and where next available court date beyond run date); *Commonwealth v. Lewis,* 287 Pa.Super. 64, 429 A.2d 721 (1981) (timely petition to extend properly granted where court administrator failed to recall case and this delay was attributable to court and where rescheduling resulted in trial date beyond run date).

■ Even if the Commonwealth did have available the argument that it exercised due diligence, we should find the

argument without merit. It was the Commonwealth's burden to prove due diligence in the prosecution of appellant. *See Commonwealth v. Jones*, 314 Pa.Super. 515, 461 A.2d 276 (1983). While it is clear that the Commonwealth was diligent once it learned that the papers on appellant's case had been misfiled in the District Justice's office, there is no evidence on the record that it exercised due diligence between the filing of the complaint and the date on which it learned that the papers had been misfiled. *See Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982) (proof of due diligence must appear on record). So far as appears, the Commonwealth had no system to assure that cases held for court, especially those in which the Commonwealth attorney was not present at the preliminary hearing, were properly processed. Such a failure in recordkeeping "precludes a finding of due diligence." *Commonwealth v. Metzger*, 249 Pa.Super. 107, 113, n. 4, 375 A.2d 781, 784, n. 4 (1977) (citations omitted). Although the standard of due diligence does not require the Commonwealth to exercise every conceivable effort, it does require the Commonwealth to make reasonable efforts. *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983). Here the record is devoid of evidence of *any* effort to follow cases in which a preliminary hearing has been held where a Commonwealth attorney is not present and the defendant is bound over for court. Except for the happenstance of appellant's counsel asking the police officer about the status of the case, the Commonwealth would evidently continue to be unaware of the case. "It is clear that the burden of seeing that trial is commenced rests on the Commonwealth, not the defendant." *Commonwealth v. Bennett*, 320 Pa.Super. 150, 155, 466 A.2d 1362, 1364 (1983).

Judgment of sentence reversed and appellant discharged.