## Commonwealth v. Robertson

*John B. Lynch, assistant district attorney*, for the Commonwealth.

*Edward M. McMearty,* for defendant.

KEELER, *J.*, April 23, 1986—And now, this April 23, 1986, after hearing held and arguments presented, the court enters the following

## I. FINDINGS OF FACT

1. On May 17, 1985, a private criminal complaint was issued upon charges made by Laverna A. Barnes before District Justice Carland W. Anderson in the City of Chester charging defendant Francis Robertson with the crimes of simple assault and criminal trespass.

2. The address listed for defendant in the complaint was set forth as 1305 West 13th Street in the City of Chester.

3. A warrant for the arrest of defendant was given to Constable Edward Prygon in June 1985 and Constable Prygon made efforts to serve the warrant in July or August of 1985. Initially, Constable Prygon determined that there was no 1300 block on 13th Street in the City of Chester and, therefore, premises 1305 West 13th Street was nonexistent. Constable Prygon had warrants to serve on an individual by the name of Bruce Robertson with the address listed as being in the 1300 block of Kerlin Street in the City of Chester. In attempting to serve the warrants against Bruce Robertson, Constable Prygon spoke to a lady at the Robertson household located in the 1300 block of Kerlin Street who identified herself as Mrs. Robertson. Constable Prygon requested information as to the whereabouts of defendant Francis Robertson and was advised that Francis Robertson did not live at that residence and that this lady did not know Francis Robertson and did not know where he lived.

4. Constable Prygon then looked at the current prison list to determine whether defendant Francis Robertson was in prison at the time and determined that Francis Robertson was not on the prison list. Constable Prygon then completed and executed a

fugitive affidavit, indicating the efforts which he used to find defendant.

5. Constable Prygon did not check to determine whether defendant's name was listed in the phone directory nor did he contact the local post office to determine whether there was a listing for defendant. In addition, he did not review the private criminal complaint to determine the address of the complaining victim nor did he make any further effort to obtain a correct address for defendant.

## II. CONCLUSIONS OF LAW

1. In seeking an extension under the speedy trial rule, the Commonwealth must demonstrate by a preponderance of the evidence that it exercised due diligence in attempting to bring defendant to trial. Commonwealth v. Singleton, 313 Pa. Super. 224, 459 A.2d 821 (1983).

2. The due-diligence test requires that the Commonwealth act reasonably under the circumstances. Commonwealth v. Williams, 317 Pa. Super. 456, 464 A.2d 411 (1983).

3. The Commonwealth need not use every conceivable effort to bring a defendant to trial. Commonwealth v. Bolden, 336 Pa. Super. 243, 485 A.2d 785 (1984).

4. However, the mere inquiry of a woman who may or may not be related to defendant and a simple check of the local prison list does not provide sufficient evidence to establish such due diligence. See Commonwealth v. Laurie, 334 Pa. Super. 580, 483 A.2d 890 (1984) (due diligence established — police contacted defendant's family, utility companies, Department of Welfare, placed advertisement in newspaper, containing defendant's photograph and de-

scription and placed defendant's name in national and local law enforcement computer network.)

Therefore, defendant's motion to dismiss under Rule 1100 is hereby granted.