483 A.2d 890

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Randy V. LAURIE.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1984.

Filed Oct. 26, 1984.

Garold E. Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Glenn Gilman, Assistant Public Defender, Philadelphia, for appellee.

582

CIRILLO, Judge:

This is an appeal by the Commonwealth from an order dismissing criminal mischief, conspiracy, trespass and burglary charges against the appellee, Randy Laurie. The trial court held that the police had not exercised due diligence in attempting to locate appellee. Consequently, the court ruled the period of time between the filing of the criminal complaint and the arrest could not be excluded from the period within which appellee had to be tried pursuant to Pa.R.Crim.P. 1100. We reverse.

On August 25, 1981, appellee and a juvenile allegedly broke into an apartment, vandalized it, and proceeded to steal cash and other property. The following day a written complaint was filed and an arrest warrant issued. However, the appellee was not arrested until April 21, 1982. On January 14, 1984, after various delays which are irrelevant for purposes of this appeal, the Honorable Herbert R. Cain granted appellee's motion to dismiss under Rule 1100, finding that "the Commonwealth has not met its burden of proving that the delay in apprehending the defendant is excludable pursuant to Rule 1100(d)(1)." Slip op. at 6.

The position advanced by the Commonwealth, and the evidence produced at the Rule 1100 hearing show that the time from the filing of the complaint till appellee's arrest was excludable time under Rule 1100(d) because, despite the exercise of due diligence on the part of the police, appellee was unavailable.

Four uncontradicted witnesses were called by the Commonwealth to establish that Philadelphia police engaged in a variety of efforts to locate appellee. The evidence showed that Sergeant Vincent Klepac obtained the arrest warrant for appellee and immediately following its issuance, contacted appellee's sister, mother and numerous members of his family. Sergeant Klepac contacted the sister on several occasions and visited her apartment. Through this investigation, he learned that appellee no longer lived at the

address listed in police files and that appellee may have returned to Wisconsin. Additionally, Sergeant Klepac contacted the electric, gas and phone companies, as well as the Department of Welfare. He discovered that appellee may have been in the Northeast Philadelphia area. As a result of this investigation, an advertisement was placed in a local Northeast Philadelphia newspaper; the ad contained a photograph and physical description of the appellee, along with a request that anyone with information, contact the police. Furthermore, Sergeant Klepac placed the appellee's name in the national crime computer (NCIC) and the Philadelphia crime computer (PCIC). These computers circulate throughout the country and state that a defendant is wanted in Pennsylvania.

■ It is undisputed that the Commonwealth bears the burden of proving by a preponderance of the evidence that the police exercised due diligence in trying to find appellee. *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Dorsey,* 294 Pa.Super. 584, 440 A.2d 619 (1982). "The 'due diligence' required of the police does not demand perfect vigilance and punctilious care, but rather a reasonable effort." *Commonwealth v. Polsky,* 493 Pa. 402, 407, 426 A.2d 610, 613 (1981); *see also Commonwealth v. Fanelli,* 292 Pa.Super. 100, 436 A.2d 1024 (1981). Moreover,

> It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful.

*Commonwealth v. Mitchell, supra,* 472 Pa. at 566, 372 A.2d at 832.

In considering "the information available to the police," we do not ask whether the police had available all the information they *might* have had available—in other words, whether they did all they *could* have done. In-

stead, we ask whether what they *did* do was enough to constitute due diligence.

*Commonwealth v. Dorsey, supra,* 294 Pa.Superior Ct. at 588, 440 A.2d at 621. *See also Commonwealth v. Winn,* 327 Pa.Super. 296, 475 A.2d 805 (1984); *Commonwealth v. Faison,* 324 Pa.Super. 406, 471 A.2d 902 (1984). "It is simply not required that the Commonwealth exhaust every conceivable method of locating a defendant. Rather, reasonable steps must be taken." *Commonwealth v. Jones,* 256 Pa.Super. 366, 373, 389 A.2d 1167, 1170 (1978).

■ In the case at bar, the trial court engaged in the form of impermissible judicial hindsight review of police investigation that was cautioned against in *Commonwealth v. Mitchell, supra* and *Commonwealth v. Dorsey, supra.* Judge Cain based his decision upon the fact that Sergeant Klepac made only one call to appellee's last known address, where it was later discovered appellee had infrequently visited during the eight month period. However, the Sergeant testified that "I was informed he [appellee] no longer lived at that location." N.T. 8. Appellee's sister testified that she believed appellee may have returned to Wisconsin. N.T. 19.

Undoubtedly, as in almost any case involving pre-arrest delay, the police *could* have done more.

However, we recognize that the police cannot investigate every crime with the promptness and thoroughness that would be desirable. Too many crimes are committed. The police must therefore make choices, devoting more attention to some crimes than to others, and forgoing some lines of inquiry that they would pursue if they had more resources.

*Commonwealth v. Dorsey, supra,* 294 Pa.Superior Ct. at 589, 440 A.2d at 622. In any event, the focus of our inquiry is on what was done, not with what should have been done. Thus, after carefully reviewing the record, and the briefs submitted by counsel and having had the benefit of oral argument, we conclude that the police acted with due dil-

igence; the period of time the appellee was unavailable is excludable for Rule 1100 purposes.

Accordingly, we reverse the order of the Court of Common Pleas and remand for trial. Jurisdiction is relinquished.