J-S47002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYLLON LEE POWELL | : | |
| | : | |
| Appellant | : | No. 991 WDA 2017 |

Appeal from the Judgment of Sentence June 9, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000426-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    FILED NOVEMBER 2, 2018

Appellant, Dyllon Lee Powell, appeals from the judgment of sentence entered on June 9, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County.  We affirm.

The trial court summarized the factual history and procedural background in this case as follows:

> [Appellant] was charged with escape after failing to return to Riverside Community Corrections Center[, a facility operated by the Pennsylvania Department of Corrections,] at the expiration of a period of authorized work leave.  [Appellant's] work leave began on March 4, 2016, at approximately 4:30 p.m., and he was to return to the corrections center no later than 3:00 a.m. on March 5, 2016.  When [Appellant] did not return to Riverside at the expiration of this leave period, an employee of the facility notified police.  On March 5, 201[6], the Pennsylvania State Police (hereinafter referred to as "PSP") filed a criminal complaint charging [Appellant] with one count of escape, and a warrant was issued for [his] arrest.  The PSP documented its efforts to execute the arrest warrant for [Appellant] by way of a departmental document referred to as a due diligence of warrant service report.

_____
*   Retired Senior Judge assigned to the Superior Court.

On September 12, 201[6], [Appellant] was arrested on unrelated charges in Westmoreland County, at which time the outstanding arrest warrant was discovered. [Appellant] was lodged in the Westmoreland County Jail on the unrelated charges on September 12, 201[6], and was subsequently booked into the Allegheny County Jail on the escape charge, on December 13, 2016. On or about April 28, 2017, [Appellant] filed a [m]otion to [d]ismiss pursuant to Pa.R.Crim.P. 600, in which he alleged that his speedy trial rights had been violated. A Rule 600 hearing was held on May 16, 2017, after which [the trial court] denied [Appellant's] Rule 600 [m]otion to [d]ismiss. [Appellant] waived his right to a jury trial, and a non-jury trial commenced on June 9, 2017. [Appellant] was found guilty on the single escape charge, and was sentenced to time served, and three (3) years of supervised probation.

[Appellant] filed [a n]otice of [a]ppeal to th[is C]ourt, on or about July 10, 2017. Th[e trial c]ourt thereafter issued an [o]rder directing [Appellant] to file his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [Appellant] timely filed his 1925(b) statement on September 28, 2017. In his statement of matters complained of on appeal, [Appellant] allege[d] that th[e trial c]ourt erred in denying his Rule 600 [m]otion, arguing that the Commonwealth did not exercise due diligence in attempting to bring him to trial within the 365-day period prescribed by Rule 600. [Appellant] therefore argue[d] that [the trial court should have granted his Rule 600 motion. On April 26, 2018, the trial court issued its Rule 1925(a) opinion setting forth its reasons for denying Appellant's speedy trial claims.]

Trial Court Opinion, 4/26/18, at 2-3.

Appellant raises the following issue for our consideration:

I. Does the trial court abuse its discretion by denying [Appellant's] Rule 600 [m]otion when the Commonwealth fails to act with due diligence in locating, apprehending, and securing [Appellant] in order to bring him to trial within 365 days?

On appeal, Appellant asserts that the trial court erred and abused its discretion in denying his motion pursuant to Pa.R.Crim.P. 600 since the

Commonwealth failed to exercise due diligence in locating, apprehending, or securing his presence at trial within the time-period prescribed by Rule 600. In support of his claim, Appellant contends:

> The Commonwealth failed to act with due diligence in attempting to locate and apprehend [Appellant]. Law enforcement merely dispersed the warrant to other agencies, which ensured the creation of a wanted poster, checked some databases once, checked the police Facebook page once, and went to only one of several prior addresses for [Appellant] and asked some questions while there.
>
> The police did not periodically check databases or social media. The police did not periodically patrol areas [Appellant] frequented or areas of prior addresses. The police did not even check all of [Appellant's] prior addresses. The police failed to interview family members, friends, or acquaintances. The police failed to interview [Appellant's] employer. The police failed to interview anyone associated with [Appellant's] employer. The police failed to interview anyone associated with [Appellant's] halfway house to gain insight into where he might have gone.
>
> These meager actions by the police of distributing the warrant and checking databases and Facebook one time, and then five months later going to one address, do not constitute due diligence in bringing [Appellant] to trial within 365 days. For these reasons, the trial court abused its discretion by failing to grant [Appellant's] motion to dismiss his case based on a violation of Rule 600.

Appellant's Brief at 11.

"We review an order denying a Rule 600 motion to dismiss for an abuse of discretion, considering only the evidence of record at the Rule 600 hearing, and the trial court's factual findings." Commonwealth v. Dixon, 140 A.3d 718, 723 (Pa. Super. 2016) (citation omitted), appeal denied, 159 A.3d 938 (Pa. 2016). "Further, an appellate court must view the facts in the light most

favorable to the prevailing party which, in this case, is the Commonwealth." Id. (quotation omitted).

Although we have not identified a case involving the precise factual pattern presented here, we doubt whether the Commonwealth owed any duty to exercise due diligence in apprehending Appellant in view of his willful decision to abscond from the custody of the Department of Corrections. Our Supreme Court has held:

> [T]he general rule is that, where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted. Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him need not be assessed.

Commonwealth v. Baird, 975 A.2d 1113, 1118 (Pa. 2009).

Appellant in this case intentionally failed to return to the custody of the Department of Corrections at the conclusion of his allotted work release period. Appellant was certainly aware that his willful failure to return to the Riverside Community Corrections Center would result in immediate criminal prosecution. These circumstances are highly analogous to the situation presented when a defendant fails to appear at a known judicial proceeding. Hence, the delay caused by Appellant's willful failure to return to custody is subject to exclusion under Rule 600 and we need not assess the Commonwealth's diligence during the period extending from March 5, 2016, the date Appellant absconded from custody, until September 12, 2016, the

date he was arrested on unrelated charges in Westmoreland County. When this period is excluded, Appellant's trial clearly commenced in a timely manner.[1]

Even if we were to assess the Commonwealth's diligence, we would conclude that Appellant is not entitled to relief. In relevant part, Rule 600 provides:

> Rule 600. Prompt Trial
>
> (A) Commencement of Trial; Time for Trial
>
> * * *
>
> (2) Trial shall commence within the following time periods.
>
> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
>
> * * *
>
> (C) Computation of Time
>
> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

_____

[1] Appellant does not address whether the Commonwealth owed any duty to exercise due diligence in view of his willful failure to return to custody. Instead, he focuses his appellate claims on whether the Commonwealth exercised due diligence.

The commentary to Rule 600 offers the following guidance in applying the rule.

> Computation of Time
>
> For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. See, e.g., Commonwealth v. Dixon, 907 A.2d 468 (Pa. 2006); Commonwealth v. Matis, 710 A.2d 12 (Pa. 1998). If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. See, e.g. Commonwealth v. Browne, 584 A.2d 902 (Pa. 1990); Commonwealth v. Genovese, 425 A.2d 367 (Pa. 1981). In determining whether the Commonwealth has exercised due diligence, the courts have explained that "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." See, e.g., Commonwealth v. Selenski, 994 A.2d 1083, 1089 (Pa. 2010) (citing Commonwealth v. Hill and Commonwealth v. Cornell, 736 A.2d 578, 588 (Pa. 1999)).

Pa.R.Crim.P. 600 cmt.[2]

The Commonwealth bears the burden of proving, by a preponderance of the evidence, that it acted with reasonable diligence in attempting to

---

[2] The mechanical run date is the date by which trial must commence under Rule 600. The mechanical run date is calculated by adding 365 days to the date on which the criminal complaint is filed. This date is subject to modification by adding any periods of time in which delay is caused by factors other than those attributable to the Commonwealth when the Commonwealth has failed to exercise due diligence. This is known as the adjusted run date.

apprehend a criminal defendant. Commonwealth v. Newman, 555 A.2d 151, 155 (Pa. Super. 1989), appeal denied, 655 A.2d 512 (Pa. 1995). "In determining whether the police acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial. We have held that, where the Commonwealth exercises due diligence in attempting to locate a defendant prior to arrest, the period of elapsed time between the date of the filing of the complaint and the date of the arrest is excludable[.]" Id. "[L]ack of due diligence should not be found simply because other options were available or, in hindsight, would have been more productive." Commonwealth v. Ingram, 591 A.2d 734, 737 (Pa. Super. 1991), appeal denied, 606 A.2d 901 (Pa. 1992).

> In prior cases, we have explained:
>
> It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful.

Commonwealth v. Laurie, 483 A.2d 890, 892 (Pa. Super. 1984), quoting Commonwealth v. Mitchell, 372 A.2d 826, 832 (Pa. Super. 1977). The fact that police officials could have done more, in hindsight, to locate and apprehend an accused individual is insufficient to grant a defendant's speedy trial motion. Police officers need not "exhaust every conceivable method of

locating a defendant." Laurie, 483 A.2d at 892. In other words, courts do not ask what could have been done but, instead, focus on whether the Commonwealth's actual search efforts were sufficient to constitute due diligence. Id.

Here, the trial court found that the Commonwealth exercised due diligence.

> Following the issuance of the arrest warrant, [PSP] commenced efforts to locate [Appellant]. During [Appellant's] Rule 600 hearing, members of the PSP testified that the agency disseminated the arrest warrant for [Appellant], along with other relevant information, to both state and local law enforcement agencies, the PSP Fugitive Task Force, and Crime Stoppers. [See Rule 600 N.T., 5/16/17, at 4-10]. The PSP also utilized social media to attempt to locate [Appellant]. Id. In addition to their administrative efforts to locate [Appellant], a [t]rooper traveled to [Appellant's] last known address and canvassed the neighborhood. Id. at 19. The PSP documented their attempts to locate [Appellant] by way of a due diligence of warrant service report. Id. at 5 and 18. Despite the efforts of the PSP, [Appellant] evaded capture until September 12, 2016, when he was arrested on the unrelated charges in Westmoreland County, and the outstanding arrest warrant was discovered.

Trial Court Opinion, 4/26/18, at 6-7.

In light of all of the foregoing, we conclude that the trial court correctly held that the Commonwealth exercised due diligence. Appellant's contention that other means of securing his apprehension were available to police authorities does not alter this result. We have repeatedly held that police officers are entitled to deference in selecting the methods they deem to be the most effective in locating a defendant. See e.g. Laurie, 483 A.2d at 892. In addition, Rule 600 requires us to balance the accused's speedy trial rights

against the need to protect society. Commonwealth v. Ramos, 936 A.2d 1097, 1100 (Pa. Super. 2007) ("Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it."), appeal denied, 948 A.2d 803 (Pa. 2008). For all of these reasons, we conclude the trial court properly denied Appellant's Rule 600 motion.

Judgment of sentence affirmed.

Judge Strassburger joins and files a Concurring Statement.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018