J-S41032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LAVAESHA CHANTE MESSER, | : | |
| Appellant | : | No. 1965 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 14, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003534-2017

BEFORE:   LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:           **FILED SEPTEMBER 11, 2019**

Lavaesha Chante Messer (Appellant) appeals from her judgment of sentence imposed on November 14, 2018, after a jury found her guilty of aggravated assault.  Specifically, Appellant challenges the denial of her pre-trial motion to dismiss this case pursuant to Pa.R.Crim.P. 600.  Upon review, we affirm.

We provide the following background.  Early in the morning of July 16, 2016, Officer Gregory Hill of the Harrisburg Bureau of Police was called to 2339 Logan Street to investigate a disturbance.  The victim, Terrance Reese, claimed he had an altercation with Appellant, wherein Appellant stabbed Reese with a knife. N.T., 6/12/2018, at 9.  That morning, Officer Hill prepared and

_____

* Retired Senior Judge assigned to the Superior Court.

filed a criminal complaint charging Appellant with aggravated assault and terroristic threats.[1] He also obtained a warrant for her arrest.

Appellant was eventually arrested during a warrant sweep on June 2, 2017. After a series of continuances, trial was scheduled for May 21, 2018. On May 18, 2018, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. It was her position that the 321 days between the filing of the criminal complaint and Appellant's arrest was "attributable to the Commonwealth because law enforcement failed to exercise due diligence in serving the arrest warrant on" Appellant. Motion to Dismiss, 5/18/2018, at ¶ 11(A). Thus, Appellant requested that the trial court dismiss her case.

On June 12, 2018, the trial court held a hearing on Appellant's motion. At that hearing, the Commonwealth called Officer Hill and Officer Cynthia Kreiser to testify. The evening following the incident, Officer Kreiser attempted to serve the arrest warrant on Appellant at 644 Woodbine Street. N.T., 6/12/2018, at 5. Officer Kreiser learned that Appellant did not live at that address. *Id*.

Officer Hill testified that it was his belief that Appellant lived at 2344 Logan Street with other family members. *Id*. at 10. Thus, two days after the incident, Officer Hill attempted to serve the warrant at the Logan Street address, but Appellant was not there. *Id*. at 11. Officer Hill once again attempted service at the Logan Street address on February 12, 2017. *Id*. at

---

[1] The criminal complaint listed Appellant's address as 644 Woodbine Street.

13. On that day, he learned nobody was living at the residence. *Id*. at 14. Officer Hill testified that he also looked through the PennDOT database for an address once. *Id*. at 18.

Appellant also testified at the hearing. She testified that at the time the arrest warrant was issued, she was on probation from Dauphin County for a retail theft conviction from Cumberland County.[2] However, according to the Commonwealth, the Cumberland County incident was not included on her criminal record history. *Id*. at 27. In addition, Appellant acknowledged having been evicted from the Logan Street residence in December 2016, and she changed addresses thereafter. *Id*. at 25.

On June 27, 2018, the trial court denied Appellant's motion. A jury trial was held on September 27 and 28, 2018, and Appellant was found guilty of aggravated assault and not guilty of terroristic threats. On November 14, 2018, Appellant was sentenced to 6 to 23 months of incarceration.[3] Appellant timely filed a notice of appeal on December 4, 2018, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the denial of her Rule 600 motion. We review this issue mindful of the following.

_____

[2] She testified that the supervision originated in Cumberland County, but "they transferred" her supervision to Dauphin County. *Id*. at 24.

[3] Neither the trial nor sentencing transcripts are included in the certified record. However, due to the nature of the issue on appeal, this does not impede our review.

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Ramos****, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*).

The case at issue here was initiated on July 16, 2016; thus, Rule 600 required that trial commence within 365 days, or before July 17, 2017.

Appellant's trial was scheduled for May 21, 2018. The Rule provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600 (C)(1). Here, the parties agree that the only period of time at issue is the 321-day period between the filing of the criminal complaint and Appellant's arrest. N.T., 6/12/2018, at 3; Appellant's Brief at 11. The Rule provides that

> [w]hen the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from computation of time. [] For purposes of paragraph (C)(1) … the following period[] of time, … [is an example of a period] of delay caused by the defendant. This time must be excluded from the computations in paragraph[] (C)(1)[]:
>
> > (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence[.]

Pa.R.Crim.P. 600 (Comment).

"The Commonwealth … has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v.***

- 5 -

*Bradford,* 46 A.3d 693, 701-02 (Pa. 2012) (citations and quotation marks omitted).

Here, the trial court concluded that "the Commonwealth exercised due diligence in locating Appellant." Trial Court Opinion, 2/15/2019, at 3. Specifically, the trial court pointed out that officers made "at least three attempts at two different addresses." *Id*. In addition, Officer Hill "checked the PennDOT database at least once." *Id*. at 4. Moreover, the trial court found the fact that Appellant was on probation as unavailing because that conviction did not show up on her criminal record. *Id*. Finally, the trial court pointed out that Appellant moved after December 2016. *Id*. Based on the foregoing, the trial court concluded that "the efforts of police were reasonable under the circumstances" and therefore the denial of Appellant's motion was proper. *Id*.

On appeal, Appellant contends the efforts of police were not reasonable under these circumstances. Appellant's Brief at 12. Specifically, she emphasizes the fact that police took no action whatsoever between July 19, 2016 and February 11, 2017. *Id*. Moreover, Appellant points out that Officer Kreiser's attempt to serve Appellant at an address where there was no testimony about how knowledge of that address arose should not have been considered by the trial court as a reasonable effort. *Id*. at 13. Accordingly, it is Appellant's position that the police's paltry efforts failed to satisfy the due diligence standard.

It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful.

In considering "the information available to the police," we do not ask whether the police had available all the information they might have had available—in other words, whether they did all they could have done. Instead, we ask whether what they did do was enough to constitute due diligence.

"It is simply not required that the Commonwealth exhaust every conceivable method of locating a defendant. Rather, reasonable steps must be taken." *Commonwealth v. Jones*, [] 389 A.2d 1167, 1170 ([Pa. Super.] 1978).

*Commonwealth v. Laurie*, 483 A.2d 890, 892 (Pa. Super. 1984) (some citations omitted).

Here, we discern no error of law or abuse of discretion in the trial court's concluding that the efforts of police to locate Appellant were reasonable under the circumstances. We recognize that police could have, and maybe even should have, done more to locate Appellant. However, viewing the facts in the light most favorable to the Commonwealth as the prevailing party, our standard of review requires only that we consider whether the trial court committed an error of law or an abuse of discretion in determining that the efforts were reasonable under the circumstances. Here, police attempted to serve the warrant twice shortly after the incident occurred, and then once again several months later. By that point, there is no question that Appellant was no longer living at the same address. In addition, Officer Hill checked the

PennDOT database at least once. Finally, the fact that Appellant was on probation was not helpful in finding Appellant because it did not appear on her certified criminal record.

As we set forth in **Commonwealth v. Ingram**, 591 A.2d 734, 737 (Pa. Super. 1991), "[w]e will not, by judicial hindsight, criticize the police activity in this instance." Police attempted to find Appellant on three separate occasions, and they succeeded in finding her on the fourth. In considering "the dual purpose behind Rule [600]," we conclude that the trial court's decision should not be disturbed. **Ramos**, 936 A.2d at 1100.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2019