J-S71007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ANDREW LEAR | : | |
| | : | |
| Appellant | : | No. 376 EDA 2018 |

Appeal from the Judgment of Sentence December 20, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007815-2016

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 15, 2020**

Jason Andrew Lear appeals from his judgment of sentence of one to two years of imprisonment followed by five years of probation, imposed after he was convicted by a jury of theft by unlawful taking. After thorough review, we remand for issuance of a supplemental Pa.R.A.P. 1925(a) opinion consistent with this memorandum.

On March 10, 2016, at 1:23 a.m., Chester City police officer William Murphy observed Appellant and co-defendant Anthony Gomez trespassing on the property of Murphy Ford, a car dealership. As Officer Murphy approached in his police cruiser, he saw Appellant and Mr. Gomez removing taillights from

pick-up trucks. Appellant and Mr. Gomez attempted to flee, but they were arrested a short distance away and charged with theft by unlawful taking and related charges. In total, the two men stole the taillights from four vehicles, which were valued at $2,500 each, and were damaged when recovered at the scene.

A preliminary hearing was scheduled for March 23, 2016. On that date, the magisterial district judge cancelled the preliminary hearing and rescheduled it for May 11, 2016, due to a conflict between counsel for Appellant and his co-defendant. The magisterial district court judge attributed the delay to the judiciary. From May 11, 2016 until August 17, 2016, two Commonwealth continuances were granted after necessary witnesses were unavailable for the hearing. On August 17, 2016, the magisterial district court entered a defense continuance after Appellant was not transported to court from prison. On September 12, 2016, the magisterial district court again issued a judicial continuance due to a change in venue. As a result, a new magisterial district judge was appointed and the magisterial docket number changed. On December 13, 2016, Appellant proceeded to his preliminary hearing where all of the charges were held for court.

On February 28, 2017, Appellant appeared for his pretrial conference. At the hearing, counsel indicated that he had received discovery from the Commonwealth, but wanted additional time to review the materials with Appellant and to negotiate a plea deal. The trial court granted trial counsel's request, listing the case for trial on April 4, 2017, and issuing a defense

continuance. On April 11, 2017, the Commonwealth requested a continuance, which was granted. Trial was rescheduled to April 17, 2017. On April 17, 2017, defense counsel requested a continuance in order to obtain a fingerprint expert. The trial court granted the continuance, moving the trial date to May 8, 2017, and allocated the time to Appellant.

On April 28, 2017, Appellant filed a Rule 600 motion and a motion for discovery. On May 11, 2017, the trial court held a hearing, at which the Commonwealth sought to introduce multiple continuance forms. Appellant objected to their admission because the Commonwealth did not have sponsoring witnesses, so in his view, the reliability of the documents could not be ascertained. Neither the Commonwealth nor trial counsel cited any authority establishing the admissibility or inadmissibility of the exhibits. The court overruled Appellant's objections, finding that the continuances were standard criminal court forms that were part of the official court record in Appellant's case and, therefore, admissible as business records.

After the court inspected the continuance forms, both sides argued their positions. Appellant contended that none of the continuances should be attributed to him since the Commonwealth had not shown due diligence. The Commonwealth wanted to do further research into what triggered the change of venue. The trial court took the matter under advisement and left the record open for further investigation regarding the change of venue. However, no additional documents regarding Appellant's Rule 600 motion are contained in the certified record. On May 31, 2017, the trial court denied Appellant's

motion to dismiss pursuant to Rule 600 without issuing an accompanying opinion.

On the same day, Appellant appeared for a hearing on a discovery motion alleging that recordings of phone calls that Appellant had made from prison were not provided in a readable format. The trial court ordered the Commonwealth to play the calls for defense counsel. The court also granted the Commonwealth's motion to admit Appellant's prior conviction for theft of taillights.

On June 1, 2017, a jury found Appellant guilty of theft by unlawful taking. At sentencing, the Commonwealth sought restitution payable to Murphy Ford in the amount of $3,305.72, but did not present any witnesses or exhibits corroborating this amount. Appellant objected that the Commonwealth had not proven the accuracy of the requested restitution. The trial court overruled Appellant's objection and sentenced him to pay $3,305.72 in restitution to Murphy Ford. The trial court also sentenced Appellant to one to two years of incarceration followed by five years of probation.

Appellant filed a timely post-sentence motion, which the trial court granted in part, deeming Appellant RRRI eligible and amending his sentence accordingly. The trial court denied the remaining relief Appellant requested in his motion. This timely direct appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following issues:

I.      Whether the lower court erred in denying Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600, where more than 365 days elapsed from the filing of the criminal complaint and the only purported evidence of excludable time consisted of alleged continuance forms that were not authenticated or properly admitted through a sponsoring witness?

II.     Whether the restitution order handed down as part of Appellant's sentence is illegal and an abuse of discretion since it was unsupported by the record, especially where the [C]ommonwealth failed to establish he caused $3,305.72 in damage?

Appellant's brief at 6.

First, Appellant alleges that the trial court erred when it denied his Rule 600 motion. He contends further that the trial court abused its discretion in admitting the continuance forms upon which it relied in conducting its Rule 600 analysis. Hence, before we reach the substance of Appellant's Rule 600 challenge, we must first decide whether the continuance forms were properly admitted. We review the trial court's evidentiary rulings for an abuse of discretion. *See Commonwealth v. Bond*, 190 A.3d 664, 667 (Pa. Super. 2018). An "[a]buse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Aikens*, 990 A.2d 1181, 1184–85 (Pa. Super. 2010). With particular reference to evidentiary issues:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed

an error of law. Thus our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012). Additionally, we note that we may affirm the trial court's ruling on any basis supported by the record. ***See Commonwealth v. Johnson***, 160 A.3d 127, 144 (Pa. 2017).

Appellant objected to the admission of three Commonwealth exhibits, which contained all of the continuance forms that had been submitted during the lifespan of Appellant's case. ***See*** N.T. Rule 600 Hearing, 5/11/17, at 6; Appellant's brief at 14-18. Appellant alleged that these documents were inadmissible because the Commonwealth did not present them through sponsoring witnesses. ***Id***. After argument, the trial court overruled Appellant's objection, finding that these documents were standard forms regularly used in the course of the business of the criminal court, and thus, admissible as self-authenticating business records. N.T. Rule 600 Hearing, 5/11/17, at 7-9. Appellant countered that the forms could not be admitted as "business records" since the accuracy of the forms could not be authenticated from the face of the document. ***Id***. at 6-9; Appellant's brief at 14-16.

We agree with Appellant that these records lacked the necessary indicia to be admitted as self-authenticating business records.[1] However, our

---

[1] The trial court relies on Pa.Code Rule 803(6)(B) to uphold its ruling that the exhibits were properly admitted as business records. ***See*** Trial Court Opinion, at 3. However, before a business record may be admitted under 803(6)(B), an authenticating witness must provide sufficient details relating to the

analysis does not end there. It is well-established that the trial court may rely on uncontested court records to establish the underlying reasons for prior continuances. *See e.g. Commonwealth v. Bradford*, 488 A.2d 628, 630-31 (Pa. Super. 1985) (detective's illness as a cause of continuance established by uncontested notation in record); *Commonwealth v. Lewis*, 465 A.2d 1038, 1040-41 (Pa. Super. 1983) (the court took judicial notice of uncontested notations in the record to find the prosecution diligent); *Commonwealth v. Postell*, 421 A.2d 1069, 1070 (Pa. Super. 1980) (upholding the trial court's reliance on court records to establish reasons for prior continuances); *Commonwealth v. Jackson*, 409 A.2d 873, 875 n.5 (Pa. Super. 1979) (discussing the need for relaxation of the rules of evidence at Rule 1100, the predecessor to Rule 600, hearings in order to effectively litigate these types of motions quickly).

The styling of Appellant's issue suggests that he is challenging the accuracy of the documents offered by the Commonwealth. However, Appellant's arguments do not pertain to the accuracy of the documents themselves, but rather to the court's improper allocation of time to the

---

preparation and maintenance of the documents in the course of business in order to justify a presumption of the documents trustworthiness. *See U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 401 (Pa.Super. 2015). Not only did the Commonwealth fail to provide an authenticating witness, but the documents were devoid of any official certification indicating that they belong to an official criminal court record. *See* Pa.R.E. 803(6)(D), 902(11). Therefore, the documents were erroneously admitted as self-authenticating business records.

defense or court based on the reasons listed in the continuances. ***See*** N.T. Rule 600 Hearing, 5/11/17, at 21-22 ("I am not arguing that there is something factually wrong with the [continuance] form to the extent the form is going to be admitted. I am arguing to the extent that is factually what happened, that the Judge marked off Magisterial District Judge box and intended to mark off that box that he did so incorrectly as a matter of law."). While Appellant is challenging the legal conclusions of the court, there is no actual controversy regarding the factual accuracy of the continuance forms themselves. Accordingly, we find that the trial court did not abuse its discretion when it admitted the Commonwealth's exhibits, and proceed to consider Appellant's substantive Rule 600 challenge.

We review the trial court's rulings regarding the computation of time at the Rule 600 hearing under an abuse of discretion standard. ***Commonwealth v. Carter***, 204 A.3d 945 (Pa. Super. 2019); ***Commonwealth v. Cox***, 115 A.3d 333, 336 (Pa. Super. 2015). Our scope of review is limited to the evidence on the record at the Rule 600 evidentiary hearing and the findings of the trial court. ***Commonwealth v. Armstrong***, 74 A.3d 228, 234 (Pa. Super. 2013). "An appellate court must view the facts in the light most favorable to the prevailing party." ***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018).

Generally, Rule 600 mandates that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal

complaint is filed. ***See*** Pa.R.Crim.P. 600(A)(2)(a). The 365th day is called the "mechanical run date." ***Commonwealth v. Ramos***, 936 A.2d 1097, 1101-04 (Pa. Super. 2007). Once the mechanical run date has been surpassed, and a defendant still has not been brought to trial, a defendant may seek recourse by filing a written motion requesting that the charges be dismissed with prejudice pursuant to Rule 600. ***See*** Pa.R.Crim.P. 600(D)(1). The filing of a Rule 600 motion triggers a hearing. ***Id***.

In Pennsylvania, the trial courts conduct a multi-step analysis to ascertain whether Rule 600 has been violated. After determining the mechanical run date, the court analyzes whether any of that time constitutes excludable delay. ***See*** Pa.R.Crim.P. 600(C)(1) ("[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from computation."). This determination requires the court to ascertain whether there have been any "delay[s] in proceedings," and if so, whether the delays should be included or excluded based on the Commonwealth's "due diligence." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017).

Time that is "necessary to ordinary trial preparation" or "attributable to the normal progression of a case is not a 'delay' for purposes of Rule 600." ***Id***. If a period of time constitutes a "delay," then it is excludable only if the

"period of delay was outside of the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." ***Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa. Super. 2013). In order to prove it acted with due diligence, the Commonwealth must demonstrate by a preponderance of the evidence that it "put forth a reasonable effort" during all stages of a criminal case. ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). If the trial court finds that delays occurred that were not attributable to the Commonwealth, then that time is not counted against the Rule 600 time-bar. Instead, the excluded time is added to the mechanical run date, resulting in an "adjusted" mechanical run date by which the Commonwealth must bring the defendant to trial. ***Commonwealth v. Goldman***, 70 A.3d 874, 879-80 (Pa.Super. 2013).

Here, the criminal complaint was filed on March 10, 2016. Thus, barring any excludable time, the Commonwealth had until March 10, 2017 to bring Appellant to trial. Trial commenced on May 31, 2017. The total time between the complaint and the commencement of trial was 447 days, or eighty-two days past the mechanical run date. Accordingly, in order to sustain the trial court's finding that the Commonwealth complied with Rule 600, at least eight-two days must be excludable. ***See Mills***, ***supra*** at 325.

In his brief, Appellant disputes the various courts' characterizations of certain continuances as defense or judicial continuances. ***See*** Appellant's brief at 15-16. He further alleges that the trial court erred by accepting these prior

- 10 -

decisions without considering whether the Commonwealth acted with due diligence. *Id*. We agree.

By way of background, the contested periods of time at issue involve twenty-one days allocated to the defense and one-hundred and fifty-three days attributed to the judiciary at the magisterial district court level.[2] At the Rule 600 hearing, Appellant argued that these alleged defense and judicial continuances could have been avoided if the Commonwealth had exercised due diligence by severing Appellant's case from his co-defendant, securing Appellant's transportation for the preliminary hearing, and making an effort to speed up the change of venue which Appellant did not request. N.T. Rule 600 Hearing, 5/11/17, at 20-26. Therefore, Appellant contends it was improper for the Rule 600 court to exclude all of this time.

Appellant also attacks two continuances that were allegedly improperly attributed to the defense at the trial court level, which amounted to fifty-six

---

[2] Specifically, the magisterial district court issued the following continuances: (1) a court continuance from March 23, 2016, to May 18, 2016, due to a conflict of counsel between Appellant and his co-defendant, (2) a defense continuance from August 17, 2016, until September 7, 2016, after Appellant was not transported to the magistrate court, and (3) a court continuance from September 7, 2016, until December 13, 2016, due to a change of venue.

- 11 -

days of excludable time.[3]  **See** Appellant's brief at 15-16.  Appellant alleges first that trial counsel's request for time to review discovery and discuss a plea offer with the Commonwealth was unfairly characterized as a defense request, since the purpose of the pre-trial conference was to schedule the first listing for Appellant's trial, not to proceed to trial that day.  **See** N.T. Rule 600 Hearing, 5/11/17, at 30.  The second defense continuance related to Appellant's need to obtain a defense expert, and Appellant maintains that it was the result of the Commonwealth's separate delay in turning over discovery to Appellant, and therefore, should have counted against the Commonwealth.  **Id**. at 31.  Finally, even if both of these incidents amounted to a "delay," Appellant counters that the court should have analyzed the Commonwealth's due diligence before excluding the time.  **See** Appellant's brief at 16.

Appellant relies on **Mills**, **supra** to support his argument, since the vast majority of the excluded time was deemed a judicial delay.  **Id**.; **see also** Appellant's reply brief at 7-8.  In **Mills**, our Supreme Court analyzed the issue of whether a period of time was attributable to the judiciary on the basis of

_____

[3] First, at the February 28, 2017 pre-trial conference, trial counsel requested time to discuss an offer from the Commonwealth and go over recently received discovery with Appellant.  The trial court granted trial counsel's request, issuing a defense continuance, and scheduling trial for April 4, 2017.  During this time period, Appellant considered and rejected two plea offers extended to him from the Commonwealth.  Second, the trial court granted a defense continuance request from April 17, 2017, until May 8, 2017, so that the defense could procure a fingerprint expert to assist the defense at trial.

court congestion or to the Commonwealth, which was not prepared to proceed to trial. *See Mills*, *supra* at 324. At the Rule 600 hearing, the Commonwealth claimed that it did not need to exercise due diligence since court congestion had rendered the judiciary unavailable. *Id*. In ruling against the Commonwealth, our Supreme Court held that judicial delay could not apply because the Commonwealth had not exercised due diligence. *Id*. at 325. Our Supreme Court explained that while judicial delay could be grounds to adjust the mechanical run date, the Commonwealth must first show that it is trial-ready. *Id*.

Here, after indicating that a case cited by Appellant was irrelevant because there was no evidence that the Commonwealth ever "lost track" of Appellant's case, the trial court engaged in the following computation of time pursuant to Rule 600:

> The [c]ourt determined that the mechanical run date started on March 10, 2016. The total days between the mechanical run date and the date of the Rule 600 hearing is 432 days. The [c]ourt correctly used its discretion and found that [Appellant's] Rule 600 rights were not violated, as only 211 of those days were attributable to the Commonwealth.

Trial Court Opinion, 7/22/19, at 3-4.

As a result of the trial court's scant analysis, we cannot discern which periods of time the trial court ultimately attributed to each party. While the defense appears to assume that the trial court allocated the time consistently with the notations on the continuance forms, no such conclusions were explicitly reached by the court in the record. At the Rule 600 hearing, the

- 13 -

court merely took the matter under advisement while it reviewed relevant case law. When the trial court issued its order denying Appellant's Rule 600 motion, it did so without any explanation. Finally, in its Rule 1925(a) opinion the trial court properly summarized the necessary steps that a court must undertake when presented with a Rule 600 motion, identified the mechanical run date, and even pointed to a specific amount of excludable time. However, it offered no explanation as to how it had calculated the specific amount of excludable time. No other analysis was conducted.

Therefore, to the extent that the trial court determined that some of the time was excludable as judicial delay, there is no indication that the trial court conducted any assessment of the Commonwealth's due diligence in conformity with **Mills**.[4] **See Mills**, **supra** at 325. Since the trial court has failed to conduct a proper Rule 600 analysis with respect to the many contested periods of time, we are unable to conduct a meaningful review of this issue. Accordingly, we are constrained to remand for the trial court to conduct such

---

[4] Our review of the certified record leads us to conclude that the trial court must have included periods of judicial delay in its calculations, as only seventy-seven days appear to be potentially encompassed by defense continuances. Were those days the only excluded, the Commonwealth would have exceeded the mechanical run date by eighty two days.

an analysis.[5] ***See Selenski***, ***supra*** at 1089 (explaining that where the trial court had not conducted a due diligence analysis in the first instance, the Superior Court should remand so that the trial court can make that determination). Therefore, we will remand for a period of thirty days for the filing of a supplemental Rule 1925(a) opinion breaking down each allocation of time and providing a clear explanation of the court's reasoning. This analysis should encompass whether the Commonwealth exercised due diligence during the relevant periods. Only after the court has undertaken the necessary due diligence analysis should it indicate to whom the contested delays are attributable.

Case remanded for thirty days with instructions. Jurisdiction retained.[6]

Judge Murray joins the memorandum.

Judge McLaughlin concurs in the result.

---

[5] For example, Appellant argues that a continuance attributed to him from the pre-trial conference to the first trial listing should not have been listed as a defense continuance. This is a close question. The record reflects that defense counsel unquestionably stated that he wanted time to meet with Appellant to review discovery and pursue a plea deal at the pretrial conference. N.T. Rule 600 Hearing, 5/11/17, at 15, 30. However, he did not specifically frame that request as a formal continuance. Whether the trial court concludes that this was a defense request or not, trial was never scheduled to begin the same day as the pre-trial conference. Accordingly, a correct analysis of this time period would measure the excludable time by calculating how long trial was actually delayed by the defense request.

[6] Appellant also challenges the restitution order. However, since the restitution issue would be rendered moot if Appellant were to prevail on his Rule 600 claim, we will address that issue, if necessary, when the case returns following remand.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/15/20