J-S71007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JASON ANDREW LEAR | : | |
| Appellant | : | No. 376 EDA 2018 |

Appeal from the Judgment of Sentence December 20, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007815-2016

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:           **FILED: JANUARY 29, 2021**

Jason Andrew Lear appeals from his judgment of sentence of one to two years of imprisonment followed by five years of probation, imposed after he was convicted by a jury of theft by unlawful taking and by a judge of related summary offenses. After careful consideration, we reverse Appellant's judgment of sentence, vacate his conviction, and reverse the order denying his motion to dismiss.

On March 10, 2016, at 1:23 a.m., Chester City police officer William Murphy observed Appellant and co-defendant Anthony Gomez trespassing on the property of Murphy Ford, a car dealership. As Officer Murphy approached in his police cruiser, he observed Appellant and Mr. Gomez stealing taillights from pick-up trucks. Appellant and Mr. Gomez attempted to flee, but they were arrested a short distance away and charged with theft by unlawful taking and related charges. In total, the two men stole the taillights from four

vehicles, which were valued at $2,500 each and were damaged when recovered at the scene.

A preliminary hearing was scheduled for March 23, 2016. On that date, the magisterial district judge cancelled the preliminary hearing and rescheduled it for May 11, 2016, due to a conflict between counsel for Appellant and his co-defendant. The magisterial district court judge attributed the delay to the judiciary. From May 11, 2016 until August 17, 2016, two Commonwealth continuances were granted after necessary witnesses were unavailable for the hearing. On August 17, 2016, the magisterial district court entered a defense continuance after Appellant was not transported to court from prison. On September 12, 2016, the magisterial district court again issued a judicial continuance due to a change in venue. As a result, a new magisterial district judge was appointed and the magisterial docket number changed. On December 13, 2016, Appellant proceeded to his preliminary hearing where all of the charges were held for court.

On February 28, 2017, Appellant appeared for his pretrial conference. At the hearing, counsel indicated that he had received discovery from the Commonwealth, but wanted additional time to review the materials with Appellant and to negotiate a plea deal. The trial court granted trial counsel's request, issuing a defense continuance and listing the case for trial on April 4, 2017. On April 11, 2017, the Commonwealth requested a continuance, which was granted. Trial was rescheduled to April 17, 2017. On April 17, 2017, trial counsel requested a continuance in order to obtain a fingerprint expert. The

trial court granted the continuance, moving the trial date to May 8, 2017, and allocating the time to Appellant.

On April 28, 2017, Appellant filed a Rule 600 Motion and a motion for discovery. On May 11, 2017, the trial court held a hearing, at which the Commonwealth presented multiple continuance forms. Appellant objected since the Commonwealth did not produce witnesses to testify as to their authenticity. Neither the Commonwealth nor trial counsel cited any authority establishing the admissibility or inadmissibility of the exhibits. The court overruled Appellant's objections, finding that the continuances were standard criminal court forms that were part of the official court record in Appellant's case and, therefore, admissible as business records.

After the court inspected the continuance forms, both sides argued their positions. Appellant contended that none of the continuances should be attributed to him since he did not request them. However, the trial court found accepted two magisterial district judge's continuances as judicial countenances and held that those time periods were excludable. N.T. Rule 600 Hearing, 5/11/17, at 21-22, 26. Trial counsel countered that the Commonwealth had not shown due diligence, therefore, all judicial continuances should count against the Commonwealth. *Id*. at 27. The trial court stated that it didn't "care whether he likes it or not," before taking the matter under advisement. *Id*. at 33. The trial court also left the record open for further investigation by the Commonwealth regarding the change of venue. *Id*. at 34. No additional documents regarding Appellant's Rule 600 motion

were made part of the record. On May 31, 2017, the trial court denied Appellant's motion to dismiss pursuant to Rule 600 without issuing an accompanying opinion.

On the same day, Appellant appeared for a hearing on a discovery motion alleging that recordings of phone calls that Appellant had made from prison were not provided in a readable format. The trial court ordered the Commonwealth to play the calls for trial counsel. The court also granted the Commonwealth's motion to admit Appellant's prior conviction for theft of taillights.

On June 1, 2017, a jury found Appellant guilty of theft by unlawful taking. At sentencing, the Commonwealth sought restitution payable to Murphy Ford in the amount of $3,305.72, but did not present any witnesses or exhibits corroborating that amount. Appellant objected that the Commonwealth had not proven the accuracy of the requested restitution. Appellant's objection was overruled and he was sentenced to pay $3,305.72 in restitution to Murphy Ford. The trial court also sentenced Appellant to one to two years of incarceration followed by five years of probation.

Appellant filed a timely post-sentence motion, which the trial court granted in part, deeming Appellant RRRI eligible and amending his sentence accordingly. The trial court denied the remaining relief Appellant requested

in his motion. This timely appeal followed.[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

After an initial review, we remanded the case to the trial court for the issuance of a supplemental Rule 1925(a) in order to explain its reasoning for denying the Rule 600 motion and whether the Commonwealth showed due diligence. The trial court responded with a filing entitled "supplemental opinion" and a corresponding record. The supplemental record contained paperwork indicating that, although Appellant was eligible to be released on probation in October of 2019, he remained incarcerated at the trial court's

_____

[1] While the appeal was pending, the Commonwealth filed an application to correct the original record pursuant to Pa.R.A.P. 1926. Rule 1926 provides a means to supplement the certified record on appeal when something material "is omitted from the record by error, breakdown in processes of the court, or accident[.]" Pa.R.A.P. 1926(b). The Rule is a tool used to correct clerical errors, supplementing the record with transcripts, trial court opinions, or other documents that should have been certified for our review but were mistakenly omitted. *See*, *e.g.*, *Commonwealth v. McDonald*, 428 A.2d 174 (Pa.Super. 1981) (admitting a jury selection waiver that was erroneously excluded from the certified record).

Instantly, the Commonwealth does not seek to use Rule 1926 to correct an oversight to ensure that we have before us all the materials that informed the trial court's ruling. Rather, it wishes to add into the record three documents that were not considered by the trial court because they were neither offered nor admitted into evidence at the Rule 600 hearing. The Commonwealth in essence is attempting to obtain through Rule 1926 a *de novo hearing*. That is not the function of this Court. We are here to correct errors made by the trial court on issues and evidence properly presented to it, not to give the parties a second bite at the apple. *See In re F.C. III*, 2 A.3d 1201, 1212 (Pa. 2010) (affirming that appellate courts will not consider issues not presented to the trial court); *Commonwealth v. Fulton*, 179 A.3d 475, 487 (Pa. 2018) (providing that appellate court's scope of review is limited to the record evidence form the Rule 600 hearing). Accordingly, the Commonwealth's Rule 1926 application is denied.

request pending the outcome of this appeal. *See* Order, 10/25/19. We now proceed to consider the merits of Appellant's appeal anew.

Appellant presents the following issues:

I.  Whether the lower court erred in denying Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600, where more than 365 days elapsed from the filing of the criminal complaint and the only purported evidence of excludable time consisted of alleged continuance forms that were not authenticated or properly admitted through a sponsoring witness?

II. Whether the restitution order handed down as part of Appellant's sentence is illegal and an abuse of discretion since it was unsupported by the record, especially where the [C]ommonwealth failed to establish he caused $3,305.72 in damage?

Appellant's brief at 6.

Appellant first alleges that the trial court erred when it denied his Rule 600 motion. He contends further that the trial court abused its discretion in admitting the continuance forms upon which it relied in conducting its Rule 600 analysis. Hence, before we reach the substance of Appellant's Rule 600 challenge, we must first decide whether the continuance forms were properly admitted. We review the trial court's evidentiary rulings for an abuse of discretion. *See Commonwealth v. Bond*, 190 A.3d 664, 667 (Pa.Super. 2018). An "[a]buse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality,

prejudice, bias or ill will." ***Commonwealth v. Aikens***, 990 A.2d 1181, 1184-85 (Pa.Super. 2010). With particular reference to evidentiary issues:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa.Super. 2012). Additionally, we note that we may affirm the trial court's ruling on any basis supported by the record. ***See Commonwealth v. Johnson***, 160 A.3d 127, 144 (Pa. 2017).

At the Rule 600 hearing, Appellant objected to the admission of three Commonwealth exhibits, which contained the continuance forms that had been submitted during the span of Appellant's case. ***See*** N.T. Rule 600 Hearing, 5/11/17, at 6; ***see also*** Appellant's brief at 14-18. Appellant alleged that these documents were inadmissible because the Commonwealth did not present them through sponsoring witnesses. ***Id***. After argument, the trial court overruled Appellant's objection, finding that these documents were standard forms regularly used in the course of the business of the criminal court, and thus, admissible as self-authenticating business records. N.T. Rule 600 Hearing, 5/11/17, at 7-9. Appellant countered that the forms could not be admitted as "business records" since the accuracy of the forms could not be authenticated from the face of the document. ***Id***. at 6-9; Appellant's brief at 14-16.

We agree with Appellant that these records lacked the necessary indicia to be admitted as self-authenticating business records.[2] However, our analysis does not end there. It is well-established that the trial court may rely on uncontested court records to establish the underlying reasons for prior continuances. *See, e.g. Commonwealth v. Bradford*, 488 A.2d 628, 630-31 (Pa.Super. 1985) (ruling detective's illness as a cause of continuance was established by uncontested notation in record); *Commonwealth v. Lewis*, 465 A.2d 1038, 1040-41 (Pa.Super. 1983) (taking judicial notice of uncontested notations in the record to find the prosecution diligent); *Commonwealth v. Postell*, 421 A.2d 1069, 1070 (Pa.Super. 1980) (upholding the trial court's reliance on court records to establish reasons for prior continuances); *Commonwealth v. Jackson*, 409 A.2d 873, 875 n.5 (Pa.Super. 1979) (discussing the need for a relaxation of the rules of evidence at Rule 1100, the predecessor to Rule 600, hearings in order to effectively litigate these types of motions quickly).

---

[2] The trial court relies on Pa.R.E. 803(6)(B) to advocate for upholding its ruling that the exhibits were properly admitted as business records. *See* Trial Court Opinion, at 3. However, before a business record may be admitted under Rule 803(6)(B), an authenticating witness must provide sufficient detail relating to the preparation and maintenance of the documents in the course of business in order to justify presumption of the documents trustworthiness. *See U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 401 (Pa.Super. 2015). Not only did the Commonwealth fail to provide an authenticating witness, but the documents were devoid of any official certification indicating that they belong to an official criminal court record. *See* Pa.R.E. 803(6)(D), 902(11). Therefore, the documents were erroneously admitted as self-authenticating business records.

The styling of Appellant's issue suggests that he is challenging the accuracy of the documents offered by the Commonwealth. However, Appellant's arguments do not pertain to the accuracy of the documents themselves, but rather to the court's improper allocation of time to the defense or court based on the reasons listed in the continuances. *See* N.T. Rule 600 Hearing, 5/11/17, at 21-22 ("I am not arguing that there is something factually wrong with the [continuance] form to the extent the form is going to be admitted. I am arguing to the extent that is factually what happened, that the Judge marked off Magisterial District Judge box and intended to mark off that box that he did so incorrectly as a matter of law."). While Appellant is challenging the legal conclusions of the court, there is no actual controversy regarding the factual accuracy of the continuance forms themselves. Accordingly, we find that the trial court did not abuse its discretion when it admitted the Commonwealth's exhibits, and proceed to consider Appellant's substantive Rule 600 challenge.

We review the trial court's rulings regarding the computation of time at the Rule 600 hearing under an abuse of discretion standard. ***Commonwealth v. Carter***, 204 A.3d 945 (Pa.Super. 2019). Our scope of review is limited to the evidence of record at the Rule 600 evidentiary hearing and the findings of the trial court. ***Commonwealth v. Armstrong***, 74 A.3d 228, 234 (Pa.Super. 2013). "An appellate court must view the facts in the light most favorable to

the prevailing party." ***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa.Super. 2018).

Generally, Rule 600 mandates that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint is filed. ***See*** Pa.R.Crim.P. 600(A)(2)(a). The 365th day is called the "mechanical run date." ***Commonwealth v. Ramos***, 936 A.2d 1097, 1101-04 (Pa.Super. 2007). Once the mechanical run date has been surpassed, and a defendant still has not been brought to trial, a defendant may seek recourse by filing a written motion requesting that the charges be dismissed with prejudice pursuant to Rule 600. ***See*** Pa.R.Crim.P. 600(D)(1). The filing of a Rule 600 motion triggers a hearing. ***Id***.

In Pennsylvania, the trial courts conduct a multi-step analysis to ascertain whether Rule 600 has been violated. After determining the mechanical run date, the court analyzes whether there is any excludable delay. ***See*** Pa.R.Crim.P. 600(C)(1) ("[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from computation."). This determination requires the court to ascertain whether there have been any "delay[s] in proceedings," and if so, whether the delays should be included or excluded based on the

Commonwealth's "due diligence." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017).

Time that is "necessary to ordinary trial preparation" or "attributable to the normal progression of a case is not a 'delay' for purposes of Rule 600." ***Id***. If a period of time constitutes a "delay," then it is excludable only if the "period of delay was outside of the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." ***Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa.Super. 2013). In order to prove it acted with due diligence, the Commonwealth must demonstrate by a preponderance of the evidence that it "put forth a reasonable effort" during all stages of a criminal case. ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). If the trial court finds that delays occurred that were not attributable to the Commonwealth, then that time is not counted against the Rule 600 time-bar. Instead, the excluded time is added to the mechanical run date, resulting in an "adjusted" mechanical run date by which the Commonwealth must bring the defendant to trial. ***Commonwealth v. Goldman***, 70 A.3d 874, 879-80 (Pa.Super. 2013).

Here, the criminal complaint was filed on March 10, 2016. Thus, barring any excludable time, the Commonwealth had until March 10, 2017, to bring Appellant to trial. Trial commenced on May 31, 2017. The total time between the complaint and the commencement of trial was 447 days, or eighty-two days past the mechanical run date. Accordingly, in order to sustain the trial

court's finding that the Commonwealth complied with Rule 600, at least eighty-two days must be excludable. ***See Mills***, ***supra*** at 325.

In his brief, Appellant disputes the various courts' characterizations of certain continuances as defense or judicial continuances. ***See*** Appellant's brief at 15-16. He further alleges that the trial court erred by accepting these prior decisions without considering whether the Commonwealth acted with due diligence. ***Id***. We agree.

By way of background, the contested periods of time at issue involve twenty-one days allocated to the defense and one-hundred and fifty-three days attributed to the judiciary at the magisterial district court level.[3] At the Rule 600 hearing, Appellant argued that these alleged defense and judicial continuances could have been avoided if the Commonwealth had exercised due diligence by severing Appellant's case from his co-defendant, securing Appellant's transportation for the preliminary hearing, and making an effort to speed up the change of venue which Appellant did not request. N.T. Rule 600 Hearing, 5/11/17, at 20-26. Therefore, Appellant contends it was improper for the Rule 600 court to exclude all of this time.

---

[3] Specifically, the magisterial district court issued the following continuances: (1) a court continuance from March 23, 2016, to May 18, 2016, due to a conflict of counsel between Appellant and his co-defendant; (2) a defense continuance from August 17, 2016, until September 7, 2016, after Appellant was not transported to the magistrate court; and (3) a court continuance from September 7, 2016, until December 13, 2016, due to a change of venue.

Appellant also attacks two continuances that were allegedly improperly attributed to the defense at the trial court level, which amounted to fifty-six days of excludable time.[4] ***See*** Appellant's brief at 15-16. Appellant alleges first that trial counsel's request for time to review discovery and discuss a plea offer with the Commonwealth was unfairly characterized as a defense request, since the purpose of the pre-trial conference was to schedule the first listing for Appellant's trial, not to proceed to trial that day. ***See*** N.T. Rule 600 Hearing, 5/11/17, at 30. The second defense continuance related to Appellant's need to obtain a defense expert, and Appellant maintains that it was the result of the Commonwealth's separate delay in turning over discovery to Appellant, and therefore, should have counted against the Commonwealth. ***Id***. at 31. Finally, even if both of these incidents amounted to a "delay," Appellant counters that the court should have analyzed the Commonwealth's due diligence before excluding the time. ***See*** Appellant's brief at 16.

Appellant relies on ***Mills***, ***supra*** to support his argument, since the vast majority of the excluded time was deemed a judicial delay. ***Id***.; ***see also***

---

[4] First, at the February 28, 2017 pre-trial conference, trial counsel requested time to discuss an offer from the Commonwealth and go over recently-received discovery with Appellant. The trial court granted trial counsel's request issuing a defense continuance, and scheduling trial for April 4, 2017. During this time period, Appellant considered and rejected two plea offers extended to him from the Commonwealth. Second, the trial court granted a defense continuance request from April 17, 2017, until May 8, 2017, so that the defense could procure a fingerprint expert to assist the defense at trial.

Appellant's reply brief at 7-8.  In **Mills**, our Supreme Court analyzed the issue of whether a period of time was attributable to the judiciary on the basis of court congestion or to the Commonwealth, which was not prepared to proceed to trial.  **See Mills**, **supra** at 324.  At the Rule 600 hearing, the Commonwealth claimed that it did not need to exercise due diligence since court congestion had rendered the judiciary unavailable.  **Id**.  In ruling against the Commonwealth, our Supreme Court explained that while judicial delay could be grounds to adjust the mechanical run date, the Commonwealth must first show that it was trial-ready.  **Id**.

Throughout the Rule 600 hearing in the case *sub judice*, the trial court repeatedly interrupted trial counsel's arguments to point out where trial counsel's allocations of time differed from what was written on the continuance forms.  **See** N.T. Rule 600 Hearing, 5/11/17, at 8, 12-13, 21-22, 26, 33.  More specifically, the trial court indicated that if trial counsel thought that the magisterial district judge made a mistake, "than he should subpoena him," otherwise the court intended to rely on the time attributions as memorialized in the continuance forms, since those are the "standard form used by everyone."  **Id**. at 21.  For example, in response to trial counsel's argument regarding whether continuances were incorrectly attributed to the judiciary, the trial court interjected:

> I understand your argument but here is the point.  The Magisterial District Judge himself marked it off that it was requested by the Court, that is the checkmark, that is what he signed, period.  No checkmark that the [d]efendant signed it, defense or the [d]istrict

- 14 -

> [a]ttorney. The [c]ourt checked it off, the [c]ourt took a continuance. It is excludable time under the Rule 600 analysis. I understand that you don't agree with that. But that is the law. So I heard your argument, overrule that.

*Id*. at 22.

Appellant countered the trial court's reasoning by pointing out that the fact that the magistrate court checked off a continuance form as a judicial continuance should not foreclose the analysis. *Id*. at 25. Instead, the court must first determine if the Commonwealth exercised due diligence. *Id*. In response, the Commonwealth said that it "has no control over Court Administrative scheduling." *Id*. at 26. Appellant disagreed and presented the court with an unnamed case that he argued countered the Commonwealth's position. *Id*. While the court agreed to "look into" this issue, it also indicated that it "didn't know how the Commonwealth [could] be tagged with a court administrative function." *Id*. at 27. After the Commonwealth requested additional time to investigate the specific reason behind the change of venue, the trial court concluded the hearing, taking the entire matter under advisement. *Id*. at 32. Later, when the trial court issued its order denying Appellant's Rule 600 motion, it did so without explanation.

In its initial Rule 1925(a) opinion, the trial court properly summarized the necessary steps that a court must undertake when presented with a Rule 600 motion, identified the correct mechanical run date, and pointed to a specific amount of excludable time:

> The [c]ourt determined that the mechanical run date started on March 10, 2016. The total days between the mechanical run date and the date of the Rule 600 hearing is 432 days. The [c]ourt correctly used its discretion and found that [Appellant's] Rule 600 rights were not violated, as only 211 of those days were attributable to the Commonwealth.

*See* Trial Court Opinion, 7/22/19, at 3-4. The trial court also dismissed a case cited by Appellant, which he had used to argue that the change of venue continuance should have been attributed to the Commonwealth not the judiciary, as irrelevant because there was no evidence that the Commonwealth ever "lost track" of Appellant's case. *Id*. However, the court offered no explanation as to how it had calculated the specific amount of excludable time or any indication that it had found that the Commonwealth exercised due diligence during the relevant time periods.

In their respective appellate briefs, Appellant and the Commonwealth proceeded from the assumption that the trial court made its Rule 600 allocations consistently with its statements at the Rule 600 hearing which relied entirely on the time allocations memorialized in the continuance forms. The continuance forms excluded a significant portion of time as judicial delay. Accordingly, Appellant's arguments focused on whether the trial court erred when it excluded time as judicial delay, and then alternatively whether the time was properly deemed a judicial delay, but should not have been excluded because the Commonwealth did not make a showing that it acted with due diligence.

We agreed with Appellant that there was no evidence that the trial court had ever conducted a due diligence analysis. Since our precedent mandates that we remand so that the trial court can make a due diligence determination before proceeding, we did so. *See Mills*, *supra* at 325; *see also Selenski*, *supra* at 1089 (explaining that where the trial court had not conducted a due diligence analysis in the first instance, the Superior Court should remand so that the trial court can make that determination). Additionally, we instructed the court to lay out the specific time allocations for each continuance and to give a clear explanation for each apportionment.

Importantly, "[A] trial court has an obligation to comply scrupulously, meticulously, and completely with an order of [the appellate court] remanding a case to the trial court." *Commonwealth v. Williams*, 877 A.2d 471, 474 (Pa.Super. 2005). The trial court is required to "strictly comply with the mandate of the appellate court." *Id*. at 474–75 (citation omitted). Issues not included in the mandate cannot be considered by the trial court. *See id*. at 475.

The trial court submitted a chart that it alleged complied with our "clear" and "detailed calculation" instruction. Supplemental Opinion, 7/13/2020, at 1. Unfortunately, we must disagree. First, the submission is difficult to follow, since it requires line-by-line cross-referencing between multiple magisterial docket sheets in order to even read it. Second, to the extent that we were able to discern what the trial court's supposed time allocations were, many

were inconsistent with the time breakdowns contained in the continuance forms which the trial court admitted, read into the record, and relied on when rendering preliminary rulings during the Rule 600 hearing.

For example, in the chart, the trial court excluded forty-nine days between March 23, 2016, and May 11, 2016, from the Rule 600 calculation as a defense continuance. However, at the Rule 600 hearing, the court read the continuance form into the record, before twice indicating that this time was a judicial continuance. *Id*. at 8-9, 20-22. Accordingly, Appellant responded that the trial court erroneously excluded this time as a judicial continuance because the Commonwealth had not shown due diligence. *See* Appellant's brief at 16. We remanded so that the trial court could conduct the proper due diligence analysis. However, instead of conducting this analysis as requested, the trial court reassigned this period of time to the defense.

The allocations also contradict concessions made by the Commonwealth, which both sides agreed to and the court accepted, at the Rule 600 hearing. At the hearing, the Commonwealth conceded that March 10, 2016 to March 23, 2016 and December 13, 2016 to February 28, 2017 or ninety-one days should count against them. *See* N.T. Rule 600 Hearing, 5/11/17 at 13, 15. However, in the chart, the trial court excludes this time from the Rule 600 analysis, deeming it a judicial continuance. Again, this change was not accompanied by any explanation or a finding that the Commonwealth had exercised the necessary due diligence.

Further complicating the reliability of the chart, it contains errors that render the chart internally contradictory. For example, the trial court excluded twenty-one days or from April 17, 2017 to May 8, 2017 as a defense continuance, while simultaneously noting in a comment next to this division that the "parties agree CW cont. per Judge's notes." However, a review of the record reveals that the parties have never agreed that this time frame should be a Commonwealth continuance. Instead, at the Rule 600 hearing, the Commonwealth argued, and the trial court held, that this time was a defense continuance. *Id*. at 16. While Appellant repeatedly contended that this time should not be excluded, later in the hearing he acknowledged that the trial court had already ruled against him on this issue. *Id*. at 31.

Despite our explicit instruction for the trial court to explain its reasoning and conduct due diligence analyses where appropriate, the supplemental filing contains no readily discernable explanations or due diligence analyses. Instead, the trial court has presented us with new time allocations that would allow the Commonwealth to survive Rule 600 review without a showing of due diligence. The court has not acknowledged the departures it has made from its earlier rulings and has provided minimal explanation, consisting of some short-hand notations. We remanded so that the trial court could clarify the record, not materially alter it. Thus, this new filing is unresponsive and contrary to our explicit remand instructions.

Since the trial court has failed to provide clear reasoning for its denial of Appellant's Rule 600 motion, and has not considered whether the Commonwealth demonstrated due diligence before excluding time as judicial delays, it has not complied with our well-established precedent. **Mills**, **supra** at 325; **Selenski**, **supra**, at 1089. The certified record still does not sustain a finding of due diligence and the trial court failed to remedy the deficiencies in its analysis when it was given the opportunity. Hence, a second remand for this purpose will not serve the best interests of justice, particularly when the trial court has directed that Appellant is not eligible to be released on probation until this appeal is resolved. Accordingly, since the Commonwealth has not shown that it acted with due diligence, we find that the trial court erred when it excluded time that might be attributable to the judiciary from the Rule 600 analysis. Without this time excluded, the Commonwealth cannot show that it brought Appellant to trial within 365 days. Accordingly, we reverse the trial court's denial of the Rule 600 motion and vacate his conviction and judgment of sentence.[5]

---

[5] In his second issue, Appellant challenges the restitution order as illegal because the court ordered him to pay a business entity, which, pursuant to **Commonwealth v. Veon**, 150 A.3d 435 (Pa. 2016), and **Commonwealth v. Hunt**, 220 A.3d 582, (Pa.Super. 2019), is not a "victim" under the version of the statute applicable to his case. **See** 18 Pa.C.S. § 1106 (effective January 1, 2005, to October 23, 2018); **see** Appellant's Reply Brief at 9. The resolution of the Rule 600 issue renders any sentencing errors moot. However, if we had reached this issue, we would have agreed with Appellant, who has cited case law that is directly on point. Since the trial court ordered restitution

Judgment of sentence and conviction vacated. Order reversed. Jurisdiction relinquished.

Judge Murray concurs in the result.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/21

---

payable to a business, which is not a "victim" under the applicable version of § 1106, the restitution order was illegal.